726 So.2d 1000 (1998)
STATE of Louisiana
v.
Trinesha INGRAM.
No. 98-KA-813.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1998.
Harry J. Morel, Jr., District Attorney, Howat A. Peters, Jr., Assistant D.A., Parish of St. Charles, Hahnville, LA, for Plaintiff-Appellee.
Mark A. Marino, Destrehan, LA, for Defendant-Appellant.
Before Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and THOMAS F. DALEY.
DUFRESNE, Judge.
The St. Charles Parish District Attorney filed a bill of information charging the defendant, Trinesha Ingram, with possession with the intent to distribute cocaine in violation of LSA-R.S. 40:967(A)(1). The defendant pled not guilty and subsequently filed a motion to suppress evidence which was denied by the trial judge. The defendant thereafter withdrew her former plea of not guilty and pled guilty to possession of cocaine, a violation of LSA-R.S. 40:967(C), reserving her right to appeal the denial of the suppression motion pursuant to State v. Crosby, 338 So.2d 584 (La.1976). After accepting the defendant's *1001 guilty plea, the trial judge sentenced her to three years at hard labor, but suspended the sentence and placed her on two years active probation, with special conditions. The defendant now appeals.
The sole issue raised by the defendant on appeal is whether the trial judge erred in denying her motion to suppress evidence. At the suppression hearing, Detective Sergeant Don Carter of the St. Charles Parish Sheriff's Office testified that on June 19, 1996, at approximately 7:10 p.m., his office received a call from a confidential informant, who had proven in the past to be a credible and reliable source. The informant stated that the defendant, Trinesha Ingram, was in possession of a large quantity of crack cocaine, and that she would be "traveling from Paul Fredricks to the St. Charles Parish Hospital parking lot." Detective Carter testified that the confidential informant also described the defendant's clothing. Approximately five minutes later, Detective Carter and several other officers reached the parking lot of the hospital. They were in two unmarked police units and drove slowly through the parking lot. Shortly after arriving, the officers observed the defendant and two other individuals walking through the parking lot. Detective Carter testified that the defendant saw their vehicles, and then began to run. Detective Carter testified that all of the officers exited the vehicles and pursued the defendant, who was throwing paper and money out of her pocket during the chase. The defendant was eventually apprehended by one of the officers, Detective Lejeune. Detective Carter testified that the defendant was then "secured." According to the report introduced at the hearing, Sergeant Olga Fourroux was dispatched to the scene to conduct a search of the defendant for weapons and narcotics. Sergeant Fourroux located a clear plastic bag containing approximately 2.5 grams of a substance believed to be crack cocaine in the left front pocket of the defendant's shorts. The substance was field-tested by Detective Carter with positive results.
At the hearing, the defendant testified that she was walking through the parking lot with a lady named "Courtney" and was going to visit another friend who lived in the apartment complex behind the hospital. The defendant testified that, as they were walking, she heard someone call her name, and then saw men get out of the car. She said that she started to run, and then a red truck pulled up. According to the defendant, a man got out of the red truck, threw her down on the ground, and put his knee in her back. The defendant testified that the man identified himself as a detective. The defendant also testified that she began to run because Courtney told her that they were about to be robbed. The defendant testified, however, that she thought Courtney was joking, because Courtney was laughing and was also running with her. The defendant denied that she threw paper and money while running. After the testimony of these witnesses, the trial judge denied the motion to suppress.
The defendant now contends that the trial court erred in denying the motion to suppress, specifically arguing that the officers lacked the requisite reasonable suspicion to justify the stop and thus the cocaine was seized as the result of an unlawful investigatory stop. The state disagrees, arguing that the officers had probable cause to arrest the defendant without a warrant and that the cocaine was lawfully seized incident to the defendant's arrest.
The Fourth Amendment of the United States Constitution and Article I § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543. A search conducted without a warrant issued upon probable cause is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La. 1993); State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. When the constitutionality of a warrantless search is at issue on a motion to suppress, the state bears the burden of affirmatively showing that the search was justified under one of the exceptions to the warrant requirement. State v. *1002 Diaz-Rubio, 615 So.2d 1124 (La.App. 5 Cir. 1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866. One such exception is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Green, 97-702 (La.App. 5 Cir. 12/30/97), 706 So.2d 536. An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293 (La. 1985).
Probable cause to arrest exists when the facts and circumstances within an officer's knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Scales, 93-2003 (La.5/22/95), 655 So.2d 1326, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average persons, and particularly average police officers, can be expected to act. State v. Raheem, supra; State v. Short, 95-742 (La.App. 5 Cir. 1/30/96), 668 So.2d 1240. When a lawful arrest is made on probable cause, a warrantless search incident thereto of the person and area in his immediate control is permissible. State v. Andrishok, 434 So.2d 389, 391 (La. 1983); State v. Simmons, 95-309 (La.App. 5 Cir. 10/18/95), 663 So.2d 790.
A confidential informant may provide adequate information to establish probable cause for a warrantless arrest, so long as the basis for the information and the informant's reliability, when examined under the totality of the circumstances are established. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Burton, 416 So.2d 73 (La.1982). While an informant's past record for accuracy and reliability is one factor to take into account in determining the reliability of the tip in question, this alone will not always support a finding of probable cause. Illinois v. Gates, supra; State v. Pittman, 95-382 (La.App. 5 Cir. 10/1/96), 683 So.2d 748. Corroboration of details of an informant's tip by independent police investigation is valuable in applying the totality of the circumstances analysis. Illinois v. Gates, supra.
Applying these precepts to the instant case, we find that an arrest occurred when the officers apprehended the defendant and placed her on the ground. The confidential informant's tip, corroborated by independent police observations, combined with the defendant's flight and her discarding of money and paper while she fled, provided sufficient probable cause for the warrantless arrest of the defendant. Thus, we find that the cocaine was seized pursuant to a lawful arrest and that the trial court committed no error in the denial of the defendant's motion to suppress.
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals that the defendant was not advised of the three year time limit for filing an application for postconviction relief as required by LSA-C.Cr.P. art. 930.8. LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post-conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. Accordingly, we order the trial court to send written notice of the prescriptive period to the defendant within ten days of the rendition of this Court's opinion, and to file written proof in the record that the defendant received such notice. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
Based on the foregoing discussion, the defendant's conviction and sentence are hereby affirmed and the case is remanded to the trial court for further action in accordance with this opinion.
SENTENCE AFFIRMED, REMANDED FOR FURTHER ACTION.