h COOKS, Judge.
Judith “Judy” Jordan was sentenced to serve twelve years at hard labor for attempting to distribute cocaine. She appeals her sentence alleging it is unconstitutionally excessive. Judith contends the Eighth Amendment forbids and protects her from the imposition of an excessive sentence. We agree this Amendment provides such guarantee; however, Judith’s sentence, particularly considering her criminal history, was not excessive. And, we affirm it.

FACTS

On March 6, 1998, Vermillion Parish Task Force under cover agents were investigating street level drug dealing in Leesville, Louisiana. The entire investigation was video taped, and Judith was observed standing on a street corner selling a twenty dollar “rock of crack” cocaine to an undercover agent. The agent later identified her from a photographic line-up.
On March 27,1998, Judith was arrested for distributing cocaine. Mr. Guy 12Smith, an attorney, was appointed to represent her. Less than three months elapsed when Judith was arrested again in Lees-ville for shoplifting. During a search incident to this arrest, the officers found a “crack” pipe and a “rock of crack” cocaine inside her cigarette case. Judith was charged with committing theft under $100.00, possessing drug paraphernellia, and possessing cocaine. Ms. Lisa Nelson was appointed to represent her on these charges. Pursuant to a plea agreement, the charges eventually were reassigned to the same division where the distribution of cocaine charge was pending against her.
In exchange for Judith’s guilty plea to attempted distribution of cocaine and possession of cocaine, the State agreed to dismiss the theft and possession of drug paraphernalia charges filed against her. Judith was sentenced to serve twelve-years at hard labor for attempting to distribute cocaine, and five-years at hard labor for possessing cocaine. The judge ordered the sentences run concurrent. Her attorneys filed separate motions to reconsider the sentences which were denied. The attorneys also lodged separate appeals alleging the sentences were excessive. This appeal addresses Judith’s contention that her twelve-year hard labor sentence for attempting to distribute cocaine was excessive.
ERRORS PATENT ,
We review all appeals for errors patent on the face of the record. After careful review and consideration of the record, we found three patent errors. The first stems from the trial judges failure to inform Judith that the offenses to which she pled could be used to enhance the penalty for subsequent offenses she may commit and he did not inform her of the possible penalties for future offenses. We discussed at length the court’s error in this respect and found it harmless in a separate opinion entitled State v. Jordan, bearing docket number CR99-484, affirming Judith’s five year sentence for possessing cocaine. Our holding in that case is dis-positive and we adopt it by preference here.
The second and third errors occurred when the trial judge, after informing Judith of the penalty range for her crime, incorrectly told her he possessed discretion to suspend the sentence actually imposed or place her on probation. La. R.S. 40:967(B)(4)(b) and 14:27 provide the first two and one-half years for the offense she was charged with committing must be served without benefit of parole, probation, or suspension. The judge did not have authority to suspend or probate this portion of the sentence; and, he should have informed Judith she was required to serve the two and one-half years without benefit of parole. La.Code Crim.P. art. 556.1(A)(1) required the judge to correctly inform Judith of the penalty range for the offense to which she pled, before accepting the plea. His failure, however, was a stat *195 utory rather than constitutional breach. As such, Judith must show she was prejudiced by it. Since she did not allege such harm, we find the error harmless. See State v. Longnon, 98-551 (La.App. 3 Cir. 10/28/98); 720 So.2d 825.

EXCESSIVE SENTENCE ANALYSIS

We turn to address Judith’s sole contention that the twelve-year hard labor sentence she received for attempting to distribute cocaine was excessive. The statutory penalty for this crime ranges from not less than two and one-half years to not more than fifteen years at hard labor, the first two and one-half years to be served without benefit of probation, parole, or suspension of sentence. La. R.S. 40:967(B)(4)(b) & La.R.S.14:27. Judith’s twelve-years hard labor sentence is within the statutory range.
To constitute an excessive sentence under the Eighth Amendment, the penalty imposed must be so grossly disproportionate to the severity of the crime as to shock our sense of justice or amount to nothing more than a needless imposition of pain and suffering. Jurisprudence permits the trial judge a wide range of discretion in imposing |4a sentence. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957,cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
The trial judge noted Judith was a fourth felony offender and had been convicted of committing 32 prior misdemeanors. Judith was on parole for a Texas felony conviction for distributing controlled drugs at the time she committed the present offense. She was twice convicted of forgery, once in Louisiana and again in Texas. She fully disclosed her continued dependency on drugs and prior participation in a court-ordered drug rehabilitation program. While the judge recognized her willingness to participate in a second court-order rehabilitation program, he noted she quit the first after attending only a few days. Considering Judith’s history of substance abuse and lengthy criminal record, the trial judge found she was not likely to refrain from criminal conduct nor was she likely to respond favorably to any probationary sentence.
We do not find the twelve-year sentence he imposed is excessive. Although the judge could have imposed the sentence consecutively, he elected to run it concurrent with the five-year sentence Judith received for possessing cocaine. The sentences viewed individually or in combination are not so shocking that we are moved to alter them. Judith’s extensive criminal history fully reveals she has learned little from her past mistakes. The trial judge’s decision to impose a more severe sentence for her continued conduct was neither cruel nor a needless imposition of punishment.
CONVICTION AND SENTENCE AFFIRMED.
THIBODEAUX, J., DISSENTS AND ASSIGNS WRITTEN REASONS.
[,THIBODEAUX, J.,
dissenting.
I dissent from the majority’s conclusion that a violation of La.Code Crim.P. art. 556.1 is harmless. The trial court’s failure to inform the defendant of the possible use of her plea for enhancement purposes and its refusal to inform the defendant of the penalty ranges for the offenses is, in my opinion, reversible error. The fact that these are statutory rather than constitutional requirements is of no moment. Further, the majority’s conclusion that prejudice must be shown because it is a statutory violation is incorrect. This conclusion by the majority implies that it is not necessary to show prejudice or demonstrate a substantial impact on one’s rights if a constitutionally protected right was abrogated. In times too numerous to mention, courts have held that the violation of certain constitutional rights is harmless error. It is improper to construe express statutory requirements as being discretionary, while construing constitutional requirements as being mandatory. There is no reason |?yvhatsoever to find *196 that a violation of a statutory requirement is harmless error, whereas a violation of a constitutional requirement constitutes reversible error. If so, then the violation of La.Code Crim.P. art. 556.1 is indeed reversible because it incorporates some of the very items referred to in Article 1, § 13 of our Louisiana Constitution.
For the foregoing reasons, I respectfully dissent.