757 So.2d 110 (2000)
STATE of Louisiana
v.
Larry JONES.
No. 99-KA-972.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
*111 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Defendant-Appellant, Larry Jones.
Paul D. Connick, Jr., District Attorney 24th Judicial District Parish of Jefferson, State of Louisiana, Alison Wallis, Terry M. Boudreaux, Frank Brindisi, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee, the State of Louisiana.
Court composed of Judges EDWARD A. DUFRESNE, Jr., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CHEHARDY, Judge.
Larry Jones appeals his conviction by a jury of violation of La. R.S. 40:979 and 40:967(A), attempted possession of cocaine with intent to distribute. The matter comes before us as an out-of-time appeal.
Subsequent to defendant's conviction and the imposition of a sentence of ten years' imprisonment at hard labor, with credit for time served, the State filed a habitual offender bill of information pursuant to La. R.S. 15:529.1, charging defendant as a second-felony offender as a result of his prior conviction of violation of La. R.S. 14:54.3, manufacture and possession of a bomb. He pleaded guilty to the habitual offender bill, his sentence was vacated, and he was re-sentenced to ten years' imprisonment at hard labor, with credit for time served.
On appeal defendant assigns as error the trial court's denial of his motion to suppress evidence (specifically, rocks of crack cocaine) and also assigns any errors patent on the face of the record.
Defendant was charged with possession of cocaine with intent to distribute following his arrest at the Sentry Motel in Gretna on October 25, 1997.
At the hearing on the motion to suppress, Officer Scott Zemlik of the Gretna Police Department testified that on October 25, 1997 he was handling an unrelated complaint at the Sentry Motel when a female approached him. She advised him "in street terms" that the subject in Room 238 was wanted. Zemlik went to the hotel registry, obtained information on the guest in Room 238, and ran the information on the NCIC and Vax computers. The dispatcher notified him that the subject was wanted for making or possessing a bomb.
Officer Zemlik obtained a key to Room 238 from hotel management. Zemlik and a second police officer, Officer Vinson, proceeded to Room 238. They stationed themselves on either side of the room door. Zemlik looked through the window, where he could see into the room through holes in the window shade. He observed defendant sitting at a table facing the window, cutting what appeared to be rocks of crack cocaine.
*112 Officer Zemlik and Officer Vinson opened the hotel room door with the key, entered, identified themselves as police officers, verified the identification of defendant, and seized the evidence.
At trial, the State presented the testimony of Thomas Angelica, a drug chemist, and Sergeant Joseph Williams, along with the testimony of Officer Zemlik and Officer Vinson. Angelica was qualified as an expert in the handling, the packaging, and the testing and analysis of controlled dangerous substances. He testified that he analyzed the evidence seized in connection with defendant's arrest. He tested four of 26 rocks of an off-white substance and 13 partially-burned hand-rolled cigarette butts containing "vegetated" [vegetative] material, white fragments, and off-white material. The four rocks tested positive for cocaine. The vegetative matter did not contain any controlled dangerous substance, but the off-white material present in the cigarettes tested positive for the presence of cocaine.
Officer Zemlik's trial testimony paralleled the testimony he gave in the suppression hearing, except he did not mention the outstanding attachment or warrant for defendant in front of the jury, pursuant to instructions he was given at the close of the suppression hearing.
Officer Scott Vinson also testified at trial. He stated that he was present when the female approached Officer Zemlik with information about defendant. He accompanied Zemlik to the desk to obtain information about defendant and a key to defendant's room. He was present when Zemlik looked through the window, but he did not look inside. He entered the hotel room with Zemlik and participated in the arrest of defendant and the seizure of the evidence.
Finally, the State called Sergeant Joseph Williams, who was qualified as an expert in the handling, packaging and distribution of controlled dangerous substances. He testified that, in his experience, the amount of cocaine seized in this case is not for personal use.
Defendant did not call any witnesses.
The trial court found that the officers acted in good faith in arresting defendant and the court denied the motion to suppress.

ASSIGNMENT OF ERROR NO. 1

The trial court erred in denying the motion to suppress.
Defendant argues that the cocaine seized should be excluded as evidence because the warrantless search of his hotel room was based improperly on the consent of the hotel operator. The State responds that the warrantless search in this case was not based on the consent of the hotel operator but instead the search was valid because there was an arrest warrant outstanding on defendant or because the cocaine was in plain view.
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution protect against unreasonable searches and seizures. A search conducted without a warrant is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).
Where the constitutionality of a warrantless search is at issue on a motion to suppress, the State bears the burden of proving that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5 Cir.1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866.
One of the specifically established exceptions to the warrant requirement is a search conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Wilson, 467 So.2d 503 (La.1985), cert. *113 denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985).
In the present case, defendant claims that the search in this case is based on the consent given by the hotel operator in turning over a key to his room. In Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), the United States Supreme Court held that a hotel guest is entitled to the constitutional protection against unreasonable searches and seizures and that a hotel clerk has no authority to permit a room search.
The State responds that the motion to suppress was properly denied because there was an outstanding arrest warrant for defendant or, alternatively, because the cocaine was in plain view.
The United States Supreme Court has held that an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
The State argues that under Payton the officers had the right to enter the hotel room to arrest defendant because the record check on defendant revealed an outstanding arrest warrant for making a bomb. At the suppression hearing, however, Officer Zemlik testified that he was not told whether there was a warrant or an attachment for defendant. There is no other evidence in the record concerning the reason defendant was wanted.
Based on the lack of evidence in the record concerning an arrest warrant for defendant, the State failed to present sufficient evidence to support a warrantless entry into defendant's hotel room under Payton.
The Fourth Amendment does not prohibit the warrantless seizure of evidence in plain view, however. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Meichel, 290 So.2d 878 (La.1974).
In Coolidge, the United States Supreme Court held that plain view alone is not enough to justify a warrantless search. In order for the warrantless seizure of an object in plain view to be valid, it is an essential predicate that the officer did not violate the Fourth Amendment in entering into the protected area. The court went on to set two additional conditions. First, that it must be readily apparent that the items are evidence or contraband. Second, the discovery of the evidence must be inadvertent. Coolidge, supra. See State v. Fearn, 345 So.2d 468 (La.1977).
In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Supreme Court eliminated the requirement that the discovery be inadvertent.
To satisfy the first element of the plain view doctrine, the officer must have had the right to be where he was at the time the evidence was found. In the present case, the officers had information that defendant was wanted, which gave them the right to be outside his room and to look inside. Next, it must be readily apparent that the items seized are evidence or contraband. In the present case, Officer Zemlik testified that he saw defendant cutting what appeared to be crack cocaine.
We find that the elements of the plain view doctrine were satisfied. The State seems to argue that the plain view doctrine would then give the officers the right to enter the room. However, the United State Supreme Court has consistently held that even where the object in plain view is contraband, the police may not enter and make a warrantless seizure. Coolidge, 403 U.S. at 468, 91 S.Ct. 2022; Horton v. California, supra, Note 7.
The plain view doctrine does not alone support the entry into the hotel room in this case. The question is whether there was an exception to the warrant requirement applied which would allow the officers to enter the room. We find there *114 were exigent circumstances which justified the entry.
Officer Zemlik observed the defendant cutting rocks of crack cocaine. There was the possibility that defendant could have destroyed the crack cocaine by using it or he could have destroyed the evidence if he became alerted to the officers' presence. Therefore, Officer Zemlik's observation of defendant cutting the cocaine gave him probable cause to arrest defendant and the exigent circumstances surrounding defendant's cutting of the crack cocaine gave the officers the right to enter the hotel room without a warrant. See State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464; State v. Johnson, 463 So.2d 778 (La.App. 4 Cir.1985).

ASSIGNMENT OF ERROR NO. 2

Assigned as error are any and all errors patent on the face of the record.
We note that the defendant was not properly advised of his right to remain silent before he stipulated that he was a second felony offender.
In this case the habitual offender bill of information alleged that the defendant was a second felony offender. The trial court asked defendant if he was a multiple offender. The record contains no discussion of defendant's right to remain silent. There is a waiver of rights form in the record, but it is unclear from the record whether the form was executed before or after defendant's admission to the allegations.
In a habitual offender proceeding, a trial court must advise a defendant not only of his rights to a hearing at which the State is required to prove the allegation of the multiple bill, but also of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983). A defendant must be informed of his right to remain silent prior to admitting to the allegations contained in the multiple offender bill of information. State v. Hopson, 97-509 (La. App. 5 Cir. 11/25/97), 703 So.2d 767.
Because the trial court failed to inform defendant of his right to remain silent prior to defendant's admission to the allegations contained in the bill, the defendant's multiple offender adjudication and sentence must be vacated and the matter must be remanded for rehearing and resentencing. Double jeopardy principles are inapplicable to sentence enhancement proceedings, so the State may retry defendant as an habitual offender. State v. Raymond, 98-119 (La.App. 5 Cir. 8/25/98), 718 So.2d 1010, 1014.
An additional patent error is that the trial court failed to comply with La.C.Cr.P. art. 930.8(C), by failing to inform the defendant at the time of sentencing of the prescriptive period for post conviction relief.[1] The trial court is ordered to send written notice of the applicable prescriptive period to the defendant within ten days of the date this decision is rendered and to file written proof in the record that the defendant received such notice.
For the foregoing reasons, we affirm defendant's conviction of violation of La. R.S. 40:979:967(A), attempted possession of cocaine with intent to distribute. We vacate defendant's conviction under La. R.S. 15:529.1 as a second-felony habitual offender and the sentence imposed thereon. We re-impose the original sentence of ten years at hard labor with credit for time served. The matter is remanded to the district court for further proceedings.
*115 CONVICTION UNDER LA. R.S. 40:979/40:967(A) AFFIRMED; CONVICTION UNDER LA. R.S. 15:529.1 AND SENTENCE THEREON VACATED; ORIGINAL SENTENCE RE-IMPOSED.
NOTES
[1] La.C.Cr.P. art. 930.8(A) states, "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judge of conviction and sentence become final...." The rule is subject to certain exceptions and limitations as set forth within the article or by reference to other articles.