759 So.2d 136 (2000)
STATE of Louisiana
v.
Ernest JOSEPH.
No. 99-KA-1234.
Court of Appeal of Louisiana, Fifth Circuit.
March 22, 2000.
*138 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Allison Wallis, Spiro Latis, Assistant District Attorneys, 24th Judicial District, Parish of Jefferson, Gretna, Attorneys for Plaintiff/Appellee.
Bertha M. Hillman, Thibodaux, Attorney for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and Marion F. EDWARDS.
GOTHARD, Judge.
Defendant, Ernest Joseph, was charged with possession of cocaine, a violation of LSA-R.S. 40:967 C, and he entered a plea of guilty, reserving his right to appeal the trial court's denial of his suppression motion pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to serve one year at hard labor on the cocaine charge, suspended, and one year's active probation, with various conditions. The court further sentenced defendant to pay a $250.00 fine. This appeal followed.
The facts established in the record before us show that, on September 4, 1996, Jefferson Parish Deputies Norris, Brocato, Imbornone, Gaudet and Ramon were patrolling in the area of Monticello and Chesterfield Streets. The officers knew this to be a high crime area, where narcotics transactions frequently occur. They saw Morial Dunn attempting to flag down passing cars, a sign to the officers that he was involved in the drug trade. Dunn fled when the officers attempted to detain him. The deputies gave chase, and saw Dunn discard two small bags of what was later found to be marijuana. The officers apprehended Dunn and charged him with possession of marijuana and resisting arrest.
Another subject, Raymond Washington, was sitting in front of a house on Hamilton Street. Deputy Imbornone saw him take a gun from his side and conceal it under his shirt. The deputy seized a .38 caliber revolver from Washington. The officers found that the gun had been reported stolen. Washington was arrested on charges of concealing a weapon and possession of stolen property. In searching Washington incident to his arrest, the officers seized a clear plastic bag containing marijuana. Washington was additionally charged with possession of marijuana and possession of a firearm by a convicted felon.
While Imbornone was in the process of detaining Raymond Washington, Deputies Brocato, Ramon and Gaudet noticed Ramos Washington and defendant, Ernest Joseph, in front of the Hamilton Street house. The officers ordered the two men not to move, but they nonetheless walked quickly toward the doorway of the residence. The officers saw defendant swallow an unknown white object. Defendant was restrained and was arrested on a charge of resisting an officer. The officers conducted a search pursuant to arrest and recovered a rock of crack cocaine from defendant's pocket.
The officers apprehended Ramos Washington just inside the door of the house. Ramos was also arrested for resisting an officer. In a search incident to arrest, the officers found a rock of crack cocaine. Because the officers found two weapons inside the house, and within arm's reach of Ramos Washington, they also charged him with possession of a firearm while in possession of a controlled dangerous substance.
In this appeal, the defendant alleges that the court erred in denying his motion to suppress illegally seized evidence. He contends that the cocaine seized from his person, pursuant to his arrest for resisting an officer, was seized as a result of a warrantless search which was unlawful, because the officers did not have probable cause for an arrest. He further asserts that he was not advised of his constitutional rights before he was placed under arrest. *139 The state responds that defendant's arrest for resisting an officer was proper, and that the evidence was seized in a valid search incident to that arrest.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Generally, searches may be conducted only pursuant to a warrant which has been issued by a judge on the basis of probable cause. LSA-C.Cr.P. art. 162. Warrantless searches and seizures are considered unreasonable per se, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La.1993). The state bears the burden of proving that one of the warrantless search exceptions applies. State v. Gassenberger, 99-321, p. 5 (La.App. 5 Cir. 10/26/99), 750 So.2d 1002. Whether evidence was seized in violation of the Fourth Amendment is a determination for the trial judge, whose factual findings are entitled to great weight on appeal. State v. Henderson, 99-471, p. 5 (La.App. 5 Cir. 10/26/99), 746 So.2d 173.
A recognized exception to the warrant requirement is a search conducted incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Green, 97-702 (La.App. 5 Cir. 12/30/97), 706 So.2d 536. An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293 (La.1985). Probable cause to arrest exists when the facts and circumstances within an officer's knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Scales, 93-2003, p. 6 (La.5/22/95), 655 So.2d 1326, 1331, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996); State v. Ingram, 98-813, p. 4 (La.App. 5 Cir. 12/29/98), 726 So.2d 1000, 1002.
Probable cause must be judged by the probabilities and practical considerations of everyday life on which average persons, and particularly average police officers, can be expected to act. State v. Raheem, supra; State v. Ingram, supra. When a lawful arrest is made on probable cause, a warrantless search of the arrestee and the area in his immediate control is permissible. State v. Andrishok, 434 So.2d 389, 391 (La.1983); State v. Ingram, supra.
Defendant was initially arrested for resisting an officer, a violation of LSA-R.S. 14:108. That statute provides, in pertinent part:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregation with others on a public street and refusal to move on when ordered by the officer.
*140 Louisiana courts have consistently construed this statute to prohibit conduct that obstructs or interferes with an officer, acting in his official capacity, who is attempting to seize property, serve process, or make a lawful arrest. State v. Nix, 406 So.2d 1355 (La.1981); State v. Green, supra; State v. Flanagan, 29,316, p. 4 (La. App. 2 Cir. 4/2/97), 691 So.2d 866, 869. Unless the officer is engaged in one of the three activities, interference with an officer's investigation is not a violation of LSA-R.S. 14:108. State v. Moore, 32,983, p. 6 (La.App. 2 Cir. 8/26/99), 740 So.2d 803; State v. Washington, 98-545, p. 6 (La.App. 5 Cir. 12/16/98), 725 So.2d 587, 590.
We find defendant's argument that the officers did not have probable cause to make an arrest, as he was not in any way connected with the men the officers initially detained, to be unsupported. Defendant was in a high crime area known to the officers as the scene of frequent narcotics activity. He was in the company of Ramos Washington, who was attempting to conceal a gun. Defendant himself drew the officers' suspicion by placing a small white object in his mouth as they approached. When the officers ordered defendant to stop, they were in the process of detaining other subjects and seizing contraband.
We note that this court addressed this same issue in the appeal of Ramos Washington's conviction in this matter. See, State v. Washington, supra, and there we held that the deputies had probable cause to arrest Washington for resisting an officer.
Defendant further complains that the search of his person was illegal because he was not first advised of his Miranda[1] rights. Defendant's argument has no substance. The safeguards of Miranda are only applicable when a person is the subject of a custodial interrogation. State v. Johnson, 98-604, pp. 14-15 (La. App. 5 Cir. 1/26/99), 728 So.2d 901, 909, writ denied, 99-0624 (La.6/25/99), 745 So.2d 1187. Miranda relates to communications, and not to physical evidence obtained in the absence of any declarations by the defendant. See, State v. Shaw, 31,786, p. 6 (La.App. 2 Cir. 3/31/99), 736 So.2d 951, 955.
We find that, based on the foregoing, the evidence seized was not suppressible, and therefore the trial court did not err in denying defendant's motion to suppress.
We have reviewed the record for errors patent, La.C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), and we note the following errors.
Where a defendant has entered a guilty plea, this court routinely includes, as part of the errors patent review, an assessment of whether the trial court complied with the provisions of LSA-C.Cr.P. art. 556.1. See State v. Henderson, supra; State v. Reynolds, 98-170 (La.App. 5 Cir. 7/28/98), 716 So.2d 485.
Under La.C.Cr.P. art. 556.1 the trial judge is required, among other things, to advise defendant of the minimum and maximum potential penalties provided by law. In this case, the sentencing range for possession of cocaine was incarceration for up to five years, with a discretionary fine of up to five thousand dollars.[2] The trial judge did not verbally advise defendant of the sentence range, nor did he advise the defendant as to a potential fine. However, the guilty plea form completed by defendant and his attorney states the potential sentencing range as "0-5 yrs." Furthermore, the guilty plea form indicates that defendant pled to a specific sentence of one year hard *141 labor, suspended, one year active probation and a $250.00 fine.
The failure to fully comply with article 556.1 is a statutory, rather than a constitutional, breach, and thus the defendant is required to show prejudice as a result of the error. State v. Jordan, 99-477 (La.App. 3 Cir. 11/24/99), 747 So.2d 193. Here, defendant does not raise the trial court's omission, nor does he claim to have been prejudiced by it. The record, as a whole, supports a finding that the defendant knew the consequences of his guilty plea, as well as the sentence he would receive. Furthermore, defendant made what can be considered a "highly successful" plea bargain, in that his one year suspended sentence is far less than the statutory maximum for the charged offense. See, State v. Pierce, 98-1074 (La. App. 5 Cir. 2/23/99), 729 So.2d 99.
Accordingly, we find no reversible error in the trial court's failure to advise defendant of the potential fine he could receive.
We also note that the trial judge did not verbally advise defendant of the prescriptive period for seeking post-conviction relief, and the guilty plea form merely states that defendant has three years to file post conviction relief, without indicating that the delay runs from the time the conviction becomes final.
At the time of sentencing, La.C.Cr.P. art. 930.8 provided that a defendant has three years from the day the judgment becomes final in which to file an Application for Post Conviction Relief. Article 930.8 was amended by 1999 La. Acts 1262, effective August 15, 1999, to shorten that prescriptive period. The article, as amended, provides in part that:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
* * *
(3) the application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
The application of the amended prescriptive period does not violate ex post facto prohibitions, because the article itself does not relate to an offense or its punishment. State v. Boles, 99-662 (La.App. 5 Cir. 11/10/99), 750 So.2d 1059. Accordingly we remand this matter and order the trial judge to send written notice of the amended prescriptive period (along with advisal of when the period begins to run) to defendant within ten days of the rendering of this opinion, and to file written proof in the record that defendant received such notice.
For the above discussed reasons, defendant's conviction and sentence are affirmed. The case is remanded and the trial court is ordered to inform the defendant of the proper time period of seeking appropriate relief.
CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The applicable sentencing range was the version of LSA-R.S. 40:967 C(1) in effect on September 4, 1996, the date the offense was committed.