762 So.2d 1071 (2000)
STATE of Louisiana
v.
John SMALL.
No. 2000-KK-0564.
Supreme Court of Louisiana.
March 24, 2000.
PER CURIAM.[*]
Writ granted; lower courts reversed; motion to suppress physical evidence denied; stay order lifted. The trial court abused it discretion in suppressing the physical evidence. While under surveillance for drug trafficking, the officers observed in plain view the defendant, who looked up and down the street nervously, carrying a small plastic package from a residence known by the officers for narcotics trafficking. Defendant then placed the package into his rear trouser pocket and walked towards the McDonald's that the confidential informant had identified as a place where defendant was dealing drugs. Upon seeing the approaching police vehicle, defendant attempted to leave the scene at a quickened pace. Under the totality of the circumstances, giving deference to the inferences and deductions of trained officers that might well elude untrained persons, the officers had reason to justify the investigatory stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Illinois v. William, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). When the officers lawfully stopped defendant and conducted a pat down in a self-protective search for weapons based on their experience that weapons were often associated with narcotics trafficking, Sergeant Little testified that he could feel the clear plastic cellophane in defendant's pocket. Then, looking down into defendant's open rear pocket, he could see the clear plastic bag and could see that it contained a white powder. Relying on their observations of defendant carrying the package in plain view, the plain feel of the cellophane package in defendant's pocket, the plain view of the clear plastic bag containing a white powder in defendant's back pocket, and the years of practical experience and knowledge commonly accepted, the officers had probable cause to arrest the defendant and seize the package. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 *1072 (1993); Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). This matter is remanded to the trial court for further proceedings consistent with this opinion.
JOHNSON, J., would deny the writ.
NOTES
[*] Lemmon, J., not on panel. See Rule IV, Part II, § 3.