815 So.2d 162 (2002)
STATE of Louisiana
v.
John LONDON, Defendant.
No. 01-KA-1016.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2002.
*163 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Bradley R. Burget, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
Defendant, John London, plead guilty to one count of possession of heroin, La. R.S. 40:966 C, reserving the right to appeal from the denial of his motion to suppress, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was thereafter sentenced, as a second felony offender, La. R.S. 15:529.1, to eight years of imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant now appeals. For the following reasons, we affirm the defendant's conviction and sentence.
The testimony at the hearing on the motion to suppress indicates the following:
On January 5, 2001, Jefferson Parish Officers Charles Arnold and Al West of the Street Crimes Division were on routine patrol in Jefferson Parish on the Westbank in Harvey. The policemen were in full uniform and were driving an unmarked vehicle. They were in an area near Pailet, Estalote and Brown Avenues. The area is one of very high crime and high narcotics use and sales. The officers drove down the Westbank Expressway and onto Brown Avenue in Jefferson Parish. At the time, the officers observed two black males facing each other in a bus stop shelter. It was 9:00 p.m. and, according to the officers, buses do not run at that time. The officers observed a "hand-to-hand" transaction. The police vehicle, which initially passed the location where the black males were standing, then backed up and stopped. The officers shined a light on the suspects and exited the vehicle in order to investigate the suspicious activity which was consistent with a drug transaction. The policemen identified themselves to the two suspects. Upon seeing the two policemen, one of the suspects, later identified as John London, dropped a clear object to the ground and began running away. Officer *164 West gave chase and Officer Arnold followed. As London attempted to climb a fence, several blocks from the crime scene, he fell and thereafter he began to struggle with Officer West. London was apprehended by Officer West. London was on the ground, face down, with his arms under his body. Fearing London was armed, Officer Arnold pried London's hands out from under his body with the use of his flashlight. As Officer Arnold attempted to handcuff the suspect, the officer noticed a syringe protruding from London's back pocket. The syringe was seized.
London was advised of his constitutional rights, and arrested for resisting arrest by striking Officer West and for possession of drug paraphernalia. London was walked back to the crime scene. Before being placed in the police vehicle, London was searched. A foil object was found in the watch-pocket of his pants. This object contained an off-white powder that field-tested positive for heroin. Upon returning to the location of the bus stop on Brown Avenue, the officer noticed that the second suspect had fled the scene and that the clear plastic object dropped by London prior to the chase was also missing.
On appeal, the defendant alleges that the trial judge erred in denying the motion to suppress the evidence. He argues that the investigatory stop was unwarranted because, at the time that the officers focused upon him, he was doing nothing that should have justified the police interference.
The Fourth Amendment of the United States Constitution and Article 1 Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Flagg, 99-1004 (La.App. 5 Cir. 4/25/00), 760 So.2d 522, writ denied, 00-1510 (La.3/9/01), 786 So.2d 117. A search or seizure conducted without a warrant is, per se, unreasonable unless it is justified by one of the specific exceptions to the warrant requirement. Id. (citing Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving that the search and seizure was justified pursuant to one of the exceptions to the warrant requirement. State v. Jones, 99-972 (La. App. 5 Cir. 2/29/00), 757 So.2d 110, writ denied, 00-1186 (La.9/21/01), 797 So.2d 58, 2001 La. Lexis 2716. If supported by the evidence, the ruling of the trial judge on the motion to suppress the evidence is entitled to deference. State v. Fisher, 97-1133 (La.9/9/98), 720 So.2d 1179.
In order to conduct an investigatory stop, the officer must have reasonable suspicion, supported by specific and articulable facts that the suspect is, or is about to be, engaged in criminal conduct, or is wanted for past criminal acts. La.C.Cr.P. art. 215.1. State v. Fisher, supra. The reviewing court must take into account the totality of the circumstance, while giving deference to the inferences and deductions of a trained police officer, in order to ascertain if some minimal level of objective justification exists for the intrusion. State v. Wilson, 00-0178 (La.12/8/00), 775 So.2d 1051; State v. Small, 00-0564 (La.3/24/00), 762 So.2d 1071.
In evaluating the "totality of the circumstances," evasive conduct in response to police presence in a high crime area is accorded significant weight. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048. Likewise, the reputation of the neighborhood as a high crime area is also an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable suspicion for an investigatory stop. State v. Flagg, supra.
*165 Officers Charles Arnold and Al West are members of the Street Crimes Division of the Jefferson Parish Sheriff's Office. The officers' duties in this Division involve patrolling areas in Jefferson Parish that are high crime and high narcotics areas, in order to look for drug traffickers and those committing other crimes. On the night in question, the officers were patrolling in an area they knew to be high in crime and high in narcotics activity. The officers observed two subjects waiting inside a bus shelter, at a bus stop, at a time of night when the officers knew buses did not run. Officer Arnold had made drug arrests in this area previously. The subjects were inside the shelter, concealing something that they passed from "hand-to-hand," and Officer Arnold found this to be consistent with a drug transaction. As the officers, who were in full uniform, stopped and exited the vehicle to investigate the transaction, the suspect, later identified as London, threw down a clear object and fled.
Considering the location, the time of night and the nature of the transaction, and the experience of these trained officers, when the officers focused on these suspects, they had the necessary "reasonable suspicion" to conduct an investigatory stop, since the events that transpired were compatible with a drug transaction.
It was during the apprehension following the chase that officers observed drug paraphernalia, a syringe, in plain view, protruding from his rear pants' pocket. "Under the plain view doctrine, if police are lawfully in a position from which they view an object that has an incriminating nature which is immediately apparent, and if the officers have a lawful right to access the object, they may seize it without a warrant." State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 71-72, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
In the present case, because the initial detention of the defendant was a valid investigatory stop, the police officers had the right to be in the position they were in when they observed the incriminating evidence of a syringe protruding from the suspect's rear pocket. As drug paraphernalia was in plain view, the officers had the right to seize this evidence without a warrant.
London was then advised of his rights and placed under arrest. A lawful arrest is based upon probable cause. State v. Joseph, 99-1234 (La.App. 5 Cir. 3/22/00), 759 So.2d 136. "Probable cause to arrest exists when the facts and circumstances within the officer's knowledge are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed a crime." Id. at 139.
In this case, reasonable suspicion developed into probable cause when the suspect fled from police after being repeatedly advised to stop and when he was apprehended with drug paraphernalia in his possession. Defendant's arrest was valid, being based upon probable cause that a crime had been committed.
Thereafter, London was returned to the patrol unit, where Officer Arnold searched him before placing him in the police car. It was during this search that police discovered a foil packet in London's pants' watch pocket. The packet contained a powder that was "off-white" in color and field-tested positive for heroin.
A search incident to a lawful arrest is one of the recognized exceptions justifying a warrantless search. State v. Joseph, supra, (citing Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)). In a search incident to a lawful arrest, the officer may search *166 the suspect's person and the area within his immediate control in order to remove weapons and prevent evidence from being destroyed. State v. Lassere, 95-1009 (La. App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. Thus, the heroin seized from the defendant's person following his arrest was the result of a valid search incident to a lawful arrest, which is a recognized exception justifying a warrantless search.
We find that the trial judge did not err in denying the defendant's motion to suppress the evidence.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.