836 So.2d 596 (2002)
STATE of Louisiana
v.
Daryl A. MERCANTE.
No. 02-KA-712.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
*598 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant-Appellant, Daryl A. Mercante.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Assistant District Attorneys, Cameron M. Mary, Assistant District Attorney, Gretna, LA, for Plaintiff-Appellee, The State of Louisiana.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
On March 1, 2002 Daryl Mercante was charged by bill of information with possession of a controlled dangerous substance, Oxycodone, a violation of La.R.S. 40:967(C). At arraignment on April 1, 2002 he entered a plea of not guilty. On June 7, 2002 the defendant filed a motion to suppress evidence, which is the subject of this appeal. On June 13, 2002 the court heard and denied the motion to suppress, whereupon the defendant advised the court that he wished to plead guilty to the charge, reserving his right to appeal the ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
Following the defendants entry of a guilty plea subject to a Crosby appeal and the courts acceptance of it, the trial court sentenced the defendant to the sentence previously agreed upon (two years of imprisonment, suspended, two years of active probation with periodic drug testing, and the payment of costs and fines). Defendant filed a timely appeal.
At the hearing on the motion to suppress, Sergeant Daryl Scheuermann of the Jefferson Parish Sheriff's Office testified as follows: On February 12, 2002, which was Mardi Gras, he was on parade assignment in the 1500 block of Veterans Boulevard. As he was patrolling the roadway Scheuermann observed the defendant place a can of beer on the hood of a truck, expose his penis, and urinate in public. Scheuermann advised the defendant that he was under arrest for urinating in public, advised him of his rights, and handcuffed him.[1] According to Scheuermann, "he was intoxicated, he had slurred speech, and also had trouble standing straight."
Officer Scheuermann searched Mercante for weapons and contraband. In the right front pocket of Mercante's jeans, the officer found a single yellow pill in plastic wrapping. He removed the object from the defendant's pocket and asked him. After being Mirandized, the defendant told Scheuermann it was Oxycodone.
*599 On appeal the defendant asserts the trial court erred denying the motion to suppress.
Defendant concedes that a search incident to a lawful arrest is a recognized exception to the constitutional prohibition against warrantless searches. Nevertheless, he argues that an arrest for the misdemeanor offense of lewd conduct does not justify a full search of the person, as was done in the present case. He reasons that until recently an officer did not have the discretion to arrest for a misdemeanor offense.[2]
The State counters that requirements for an arrest were met under La.C.Cr.P. art. 211 and that a search incident to a misdemeanor arrest was also sanctioned by the United States Supreme Court in Atwater v. Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).
In denying the motion to suppress evidence and statements, the trial judge gave the following reasons: "Based upon the testimony of this officer, I am going to deny the Motion to Suppress. It was a search incident to arrest. He can do what he needs to do for protection of himself, the prison, looking for contraband of any kind."
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Manson, 01-159, pp. 6-7 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. Id. at pp. 8-9, 791 So.2d at 757, citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973).
A search incident to a lawful arrest is one of the clearly recognized exceptions to the prohibition of warrantless search. Chimel v. California, 395 U.S. 752, 768, 89 S.Ct. 2034, 2043, 23 L.Ed.2d 685, 697 (1969). In a search incident to a lawful arrest, the officer may search the suspect's person and the area within his immediate control in order to remove weapons and prevent destruction of evidence. Id.; State v. Andrishok, 434 So.2d 389, 391 (La.1983); State v. London, 01-1016, p. 9 (La.App. 5 Cir. 3/13/02), 815 So.2d 162, 166.
When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving that the search and seizure was justified pursuant to one of the exceptions to the warrant requirement. State v. Jones, 99-972, pp. 5-6 (La.App. 5 Cir. 2/29/00), 757 So.2d 110, 112. The trial judges determination on the motion to suppress will not be disturbed on appeal, unless it is clearly wrong. State v. Casey, 99-0023, pp. 11-12 (La.1/26/00), 775 So.2d 1022, 1029, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). In reviewing the ruling on the motion to suppress, the appellate court will look to the totality of the evidence as presented at the hearing of the motion and the trial. State v. Wilson, 00-0178, pp. 3-4 (La.12/8/00), 775 So.2d 1051, 1052; State v. Manson, 791 So.2d at 755.
At the hearing on the motion to suppress the evidence, Officer Scheuermann testified that he observed the defendant as defendant exposed his penis and urinated in public.
For a custodial arrest, the officer must have probable cause to believe that the person has committed a crime. State v. Fisher, 97-1133, p. 7 (La.9/9/98), 720 *600 So.2d 1179, 1183. Probable cause exists when the facts and circumstances known to the arresting officer, based on reasonably trustworthy information, are sufficient to justify a belief in a man of ordinary caution that the person to be arrested has committed a crime. State v. Edwards, 00-1246, p. 8 (La.6/1/01), 787 So.2d 981, 986 n. 4.
In the recent United States Supreme Court decision in Atwater v. City of Lago Vista, supra, the Court considered the issue of whether a misdemeanor arrest grounded on probable cause violates the Fourth Amendment. In Atwater, the officer observed a female driver and her children not wearing their seatbelts. This was a misdemeanor offense in Texas and was subject to the payment of a fine. Atwater unsuccessfully argued that since this offense was a misdemeanor, subject only to a fine, and not involving a disturbance of the peace, she should not have been subject to a custodial arrest. The Supreme Court rejected her argument and found:
Accordingly, we confirm today what our prior cases have intimated: the standard of probable cause "applies to all arrests, without the need to `balance' the interests and circumstances involved in particular situations." ... If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender. [Citations omitted.]
Atwater v. City of Lago Vista, 532 U.S. at 354, 121 S.Ct. at 1557, 149 L.Ed.2d at 577.
In the present case, there was probable cause for the defendant's arrest because the offense of lewd conduct was committed in the presence of the officer. Because the lewd conduct offense is a misdemeanor, the officer's response to the crime is controlled by La.C.Cr.P. art. 211, which provides as follows, in pertinent part:
A. When it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor, or for a felony charge of theft or illegal possession of stolen things when the thing of value is one hundred dollars or more but less than five hundred dollars, he may give a written summons instead of making an arrest if all of the following exist:

(1) The officer has reasonable grounds to believe that the person will appear upon summons;
(2) The officer has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property or will continue in the same or a similar offense unless immediately arrested and booked;
(3) There is no necessity to book the person to comply with routine identification procedures. [Emphasis added.]
In State v. Morgan, 445 So.2d 50, 54 (La.App. 4 Cir.1984), writ denied, 446 So.2d 317 (La.1984), the Fourth Circuit reversed a ruling by the trial court that granted a motion to suppress evidence in a case similar to the present one.
In Morgan, the officer observed defendant riding a motorcycle without protective eyewear, a misdemeanor offense under La.R.S. 32:190.1. The officer pulled the defendant over for purposes of issuing a summons and asked to see the subject's license. The license had no motorcycle endorsement. The officer arrested the defendant for the failure of the license to have the proper endorsement, a misdemeanor violation under La.R.S. 32:423. The officer then conducted a full search of the arrestee, which resulted in the discovery of weapons and evidence of a crime. The trial court suppressed the evidence. On appeal, the defendant alleged that the search was illegal and the evidence improperly *601 seized because the officer had authority only to issue him a summons, not to make a full custodial arrest.
The Fourth Circuit disagreed and reversed the trial court ruling, citing La. C.Cr.P. art. 211:
The unstated corollary to art. 211 is that if all three of the article's requirements are not met, the officer shall make an arrest rather than issue a summons. In this case the officers were prohibited from issuing defendant a summons under La.C.Cr.P. art. 211 because the requirement of Art. 211 A(2) was not satisfied. Absent a motorcycle endorsement on defendant's license, the officers did not have reasonable grounds to believe that defendant could safely operate the motorcycle without causing injury to himself or another or damage to property. Further, if the officers had only issued a summons and allowed defendant to drive away, they would have permitted him to continue committing the same offense, as he would still not be authorized to drive a motorcycle.
We conclude that the officers in this case acted properly by making a full custody arrest of defendant.
* * *
Incident to that full custody arrest defendant was subject to a full search of his person and the area within his immediate control. Any evidence seized as a result of such a search is not suppressible on the ground that the search was unconstitutional.
445 So.2d at 54.
Likewise, in the present case, the officer was prohibited from issuing a summons because the requirements of La. C.Cr.P. art. 211(A)(2) were not satisfied. Officer Scheuermann testified that at the time of this incident, the defendant appeared intoxicated, because his speech was slurred and he could not stand straight. Under these circumstances, one reasonably could conclude the defendant could cause injury to himself and to others. In addition, given his impaired condition, there was a reasonable likelihood that he would continue the same or similar lewd conduct, if he were not arrested and taken into custody.
The officer's actions in making a full custodial arrest, therefore, were warranted by the express language of La. C.Cr.P. art. 211. Because the arrest was lawful, the search of the defendant's person incident to the arrest also was lawful. Chimel v. California, supra; State v. Andrishok, supra; State v. London, supra.
Accordingly, the trial correct did not err in refusing to suppress the contraband that was the product of the search.
The defendant's second assignment of error is "all errors patent." However, our review of the record reveals no patent errors. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).
For the foregoing reasons, the conviction is affirmed.
AFFIRMED.
NOTES
[1] The defendant was charged with violation of Jefferson Parish Ordinance § 20-83.5, which states:

It shall be unlawful for any person to perform or engage in any lewd conduct as hereinafter defined:
(1) Lewd conduct is the intentional performing of any lewd act in a public place or place open to public view.
(2) As used in this section a "lewd act" is:
* * *
d. Urination or defecation.
(Ord. No. 16791, § 1, 2-19-86; Ord. No. 16828, § 1, 3-19-86)
[2] See La.C.Cr.P. art. 211 (prior to its amendment by 1982 La. Acts 180).