772 So.2d 839 (2000)
STATE of Louisiana
v.
Henry MUSE.
No. 2000-K-1689.
Court of Appeal of Louisiana, Fourth Circuit.
October 25, 2000.
Writ Denied January 12, 2001.
*840 Harry F. Connick, District Attorney Of Orleans Parish, Jana Lindner, Assistant District Attorney Of Orleans Parish, New Orleans, Louisiana, Counsel for Relator.
Court composed of Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY, Judge Pro Tem. PATRICK M. SCHOTT.
PATRICK M. SCHOTT, Judge Pro Tem.
On the application of the State of Louisiana, we grant certiorari to review the pretrial ruling of the district court granting the defendant's motion to suppress the evidence.
Defendant, Henry Muse, is charged with one count of possession of cocaine. A motion to suppress hearing was held on July 7, 2000.
Officer Matthew Alsina of the Second District was the sole witness at the hearing. He testified that, on May 15, 2000 at approximately 6:00 p.m., he observed the defendant riding a bicycle in the 4300 block of Loyola. Officer Alsina stopped the defendant for a traffic violation, specifically for riding on the wrong side of the street. After Officer Alsina exited his vehicle and approached the defendant, the defendant threw an object to the ground. The officer recognized the object to be a crack pipe, and the defendant was arrested.
During cross-examination, Officer Alsina was asked to describe Loyola Street in the area where the defendant was stopped. The officer stated that it is a "two-way street" without a painted center line; then he agreed that the "cars get by each other as best they can." Officer Alsina testified that the defendant was on the wrong side of the street in the sense that the defendant was coming towards the officer's vehicle "on the same side of the street" as he was. However, Officer Alsina was unable to say how far from the intersection the defendant was and in fact had "no idea" whether the defendant might have just turned onto Loyola.
The trial court ruled on the motion to suppress on July 14, 2000. At that time, the judge noted that the defendant was stopped in the 4300 block of Loyola, which *841 would be between Napoleon and General Pershing. He took judicial notice of the fact that the street is a "two-way, undivided, un-striped street." The defense argued that, in custom and practice, on this type of street persons in cars or on bicycles travel in the center because of the narrow street and the presence of vehicles parked on either side. The defense further argued that the pertinent statutes require that the bicycle rider proceed as close to the right-hand side as practicable, practicable on these streets being in the center. The trial judge, who noted that it was his personal practice to ride his bicycle in the middle of the street and then pull over if a vehicle approaches, concluded that the State had failed to prove that there was "reasonable suspicion of (sic) probable cause to believe that there was true violation of any vehicle statute, motor vehicle statute, applying to a bicycle."
In its writ application, the State argues that the defendant was observed violating traffic laws, and therefore, the police were justified in conducting a stop even if it were a pretext, citing Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
The State contends that the defendant was properly stopped because La. R.S. 32:197(A) and MCS 154:1415 both require a person operating a bicycle to ride on the right side of the road. The provisions are nearly identical, and both provide that a bicyclist shall ride as near to the right-hand side of the roadway "as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction." However, as evidenced by the argument made by defense counsel and the comments made by the trial judge, the question of what is "practicable" was the factual turning point for the court. Simply put, the trial court found that the State had failed to establish that there was probable cause to believe that the defendant had violated the statute/ordinance. While pretext stops are valid, Whren and its progeny depend upon a finding that the defendant has been observed violating a traffic law. The trial court in this case held that the State had failed to prove that the defendant was observed committing a traffic violation, given the nature of the street upon which the defendant was riding his bicycle.
Alternatively, the State argues that the defendant threw down the crack pipe before he was actually stopped. An "actual stop" occurs when an individual submits to a police show of authority or is physically contacted by the police. State v. Tucker, 626 So.2d 707, 712 (La.1993), opinion reaffirmed and reinstated on rehearing by 626 So.2d 720 (La.1993). An "imminent actual stop" occurs when the police come upon an individual with such force that, regardless of the individual's attempts to flee or elude the encounter, an actual stop of the individual is virtually certain. Id.
Officer Alsina testified that he stopped the defendant for traffic violations and the defendant threw the pipe on the ground as he approached him. Defendant had stopped his bicycle, and there was no indication from Officer Alsina's testimony that the defendant was attempting to flee or ride away. Thus, the defendant had submitted to Officer Alsina's show of authority when he discarded the crack pipe. The argument that defendant abandoned the pipe before he was stopped is meritless.
A warrantless search and seizure is presumed unreasonable unless it can be justified under one of the exceptions to the warrant requirement, and the State bears the burden of showing that an exception applies. State v. Brown, 598 So.2d 565, 570 (La.App. 4 Cir.1992), writ denied 605 So.2d 1092 (La.1992). Furthermore, the trial court is vested with great discretion when ruling on a motion to suppress. State v. Scull, 93-2360 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239, writ denied 94-2058 (La.11/11/94), 644 So.2d 391; State v. Williams, 594 So.2d 476 (La.App. 4 Cir. 1992).
*842 The sole issue is whether the State adequately proved that the officer had properly stopped the defendant for a traffic violation. The trial court concluded that the State failed to do so. Given the trial judge's carefully reasoned decision, including his taking judicial notice of the nature of the street upon which the defendant was riding, and the fact that the statute and ordinance only require that the bicyclist travel as close to the right as is practicable, we do not find that the trial court erred in granting the motion to suppress.
Accordingly, the ruling of the trial court is affirmed.
AFFIRMED.