880 So.2d 887 (2004)
STATE of Louisiana
v.
Crondell FLOWERS.
No. 04-KA-190.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 2004.
Honorable Harry J. Morel, Jr., District Attorney, David L. Chaisson, Assistant District Attorney, Hahnville, LA, for Plaintiff/Appellee.
Mark A. Marino, Destrehan, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
*888 EDWARD A. DUFRESNE, JR., Chief Judge.
Defendant, Crondell Flowers, appeals his conviction of possession with intent to distribute cocaine. For the reasons which follow, we affirm defendant's conviction and sentence.
On February 7, 2003, the St. Charles Parish District Attorney filed a bill of information charging defendant, Crondell Flowers, with possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967(A). At the arraignment, defendant pled not guilty.
Defendant thereafter filed a motion to suppress evidence which was denied by the trial judge. Following this denial, defendant withdrew his plea of not guilty, and after being advised of his constitutional rights, pled guilty as charged.[1] In accordance with the plea agreement, the trial court sentenced defendant to seven years at hard labor. Defendant now appeals assigning as his sole error the trial court's denial of his motion to suppress.

FACTS
On January 30, 2003, Deputy Gonzales, Detective Guidry, and Detective Hines, of the St. Charles Parish Sheriff's Office, were on patrol in an unmarked vehicle. At 10:45 p.m., they were traveling northbound in the 900 block of Paul Frederick Street in Luling, an area known for high crime and drug trafficking. While on patrol, the officers observed defendant riding a bicycle in the middle of the road in front of their unmarked police vehicle. The bicycle was swerving erratically. After twenty seconds, defendant steered the bicycle to the left side of the road.
At the suppression hearing, Detective Guidry testified that traffic regulations require cyclists to ride on the right side of a roadway. Moreover, defendant was operating the bike in an erratic and hazardous manner. The officers believed defendant might be intoxicated. The officers passed defendant on his right hand side and stopped him by pulling in front of him. They then exited their vehicle and identified themselves to defendant as police officers.
Detective Guidry, who was closest to defendant, saw him drop something on the ground. Guidry retrieved the object, and found that it was a plastic bag containing what appeared to be thirty-four rocks of crack cocaine.[2] The officers handcuffed defendant and placed him under arrest. Deputy Gonzales testified that he also issued defendant a traffic ticket.

DENIAL OF MOTION TO SUPPRESS
In his sole assigned error on appeal, defendant asserts that the trial court erred in denying his motion to suppress evidence. Defendant argues that the crack cocaine seized by the officers was suppressible as the fruit of an illegal stop. He asserts that the officers did not have probable cause to believe he had violated a statute or ordinance. Defendant does not challenge the validity of the seizure itself, only the legality of the initial stop.
The Fourth Amendment to the United States Constitution and Article I, Section V of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton, 441 So.2d 1195, 1198, (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); *889 State v. Mercante, 02-712 (La.App. 5 Cir. 12/30/02), 836 So.2d 596, 599. However, the right of law enforcement officers to stop and interrogate a person reasonably suspected of criminal activity is recognized by LSA-C.Cr.P. art. 215.1, as well as state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Traffic violations are valid bases for investigatory stops. State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879, 881. Moreover, the Louisiana Supreme Court has held that the violation of a traffic law is a reasonable basis for an officer to stop a bicyclist. State v. Washington, 00-1936 (La.12/15/00), 775 So.2d 1066.
The federal and state supreme courts have held that officers may make an initial traffic stop after observing a traffic infraction, even if the stop is a pretext to investigate for controlled dangerous substances. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Kalie, supra. Generally, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren, 517 U.S. at 810, 116 S.Ct. at 1772; State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053, 1056. The standard is a purely objective one that does not take into consideration the subjective beliefs or expectations of the detaining officer. Whren, 517 U.S. at 813, 116 S.Ct. at 1774; State v. Waters, supra.
In the present case, the testimony at the suppression hearing clearly reveals that the officers stopped defendant because of the manner in which he was operating the bicycle. Detective Guidry testified that he observed defendant riding a bicycle in an erratic manner. Defendant swerved from one side of the road to the other, posing a potential impediment to the flow of automobile traffic. After about twenty seconds, defendant steered the bike to the left side of the road. Both Detective Guidry and Deputy Gonzales testified that they recognized defendant was in violation of a traffic ordinance requiring that bicyclists ride on the right side of the road. Guidry testified that he discussed the violation with the other officers as they followed defendant. Both Guidry and Gonzales testified that their purpose in stopping defendant was to give him a citation for not riding the bicycle on the right side of the roadway. See LSA-R.S. 32:197(A) which provides that, "[e]very person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction." In addition to this particular violation, the officers also observed that defendant's bike did not have the proper markings to enable motorists to see it at night. Deputy Gonzales further testified that it appeared that defendant did not have either hand on the handlebars, which is also a violation of law. The officers additionally considered the fact that defendant might be intoxicated because of the way that he was swerving back and forth in the middle of the roadway. This combination of circumstances clearly provided the officers with reasonable grounds to stop defendant.
To support his argument that the officers were not justified in stopping him based on a violation of LSA-R.S. 32:197, he cites to the Fourth Circuit's disposition in State v. Muse, 00-1689 (La.App. 4 Cir. 10/25/00), 772 So.2d 839, writ denied, 00-3187 (La.1/12/01), 781 So.2d 562. In that case, the defendant was stopped by police while riding his bicycle on the wrong side of a New Orleans street. When the officer exited his vehicle and approached the defendant, the defendant threw down a crack pipe. The officer seized the pipe and arrested the defendant. The trial judge *890 granted the defendant's pretrial motion and suppressed the evidence. The Fourth Circuit thereafter affirmed the trial court's granting of the motion to suppress. The facts of the Muse case are clearly distinguishable from the instant set of facts. In Muse, there was no indication that the individual was operating the bicycle in an erratic or unsafe manner, whereas the testimony in the case before us reveals that the officers had numerous concerns about the way defendant was operating the bicycle.
To further support his argument that the officers were not justified in stopping him, defendant points to the nature of the street in which he was riding. In his appellate brief, defendant classifies the street as a rural country road, and asserts that "[l]eaving it within the discretion of the police officer to determine what is practical on a country rural roadway is simply beyond constitutional permissiveness." In the instant case, Deputy Gonzales characterized Paul Frederick Street as a two-way, undivided parish street without any striping or bicycle path. Regardless of the classification of the road, we find that the officers clearly had reasonable grounds to stop defendant. It was late at night, the street was dark, and the area was known as a high crime zone. Defendant was swerving back and forth in the middle of the roadway, causing the officers to believe that he may be intoxicated. Also, defendant's bike had no markings to enable other motorists to see it at night, and defendant apparently did not have either hand on the handlebars. Given these circumstances, we find that the trial judge did not err in denying defendant's motion to suppress.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Accordingly, for the reasons set forth herein, we affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Under the provisions of State v. Crosby, 338 So.2d 584 (La.1976), defendant reserved his right to appeal the trial court's denial of his motion to suppress evidence.
[2] Deputy Gonzales testified that a field test performed on the rocks was positive for cocaine.