945 So.2d 764 (2006)
STATE of Louisiana
v.
Donald P. LEONARD.
No. 06-KA-361.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Martin Belanger, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Gwendolyn K. Brown, Attorney at Law, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Defendant, Donald P. Leonard, was charged in April of 2005 by bill of information with possession of cocaine, in violation of LSA-R.S. 40:967 C. On May 24, 2005, he pled not guilty to this charge. Defendant filed a motion to suppress, which was denied by the trial court on November 16, 2005. On this same date, after the trial court advised him of his rights, defendant withdrew his not guilty plea and pled guilty under Crosby.[1] He was sentenced to two years imprisonment at hard labor, with all but 14 days of this sentence suspended. Defendant was placed on active probation for two years and was ordered to pay all fines and fees set forth in his *765 probation form. Defendant filed a motion for appeal on November 16, 2005, which was granted by the trial court on November 28, 2005.
FACTS
The facts underlying this case were set forth at the November 16, 2005 hearing on defendant's motion to suppress evidence and statements. Officer Donald Galiano of the Westwego Police Department testified that on April 9, 2005 at approximately 1:00 a.m., while he was on duty in a marked Westwego police unit, he observed defendant riding his bicycle eastbound in the 200 block of Fifth Street. Officer Galiano provided that the bicycle did not have a headlight, which is a traffic violation; therefore, defendant was pulled over. According to Officer Galiano, he exited his vehicle and, as he approached, defendant threw a brown crumpled piece of paper to the ground. Officer Galiano retrieved the paper, opened it, and observed two rocks, which were field tested and revealed the presence of cocaine. Officer Galiano testified that defendant told him that he found it and would tell him where he found it, but then defendant subsequently provided that he would tell the officer where he purchased it. Defendant was arrested for the bicycle headlight violation and for possession of cocaine.
Defendant testified at the hearing that Officer Galiano told him he was stopped because his reflector was busted, which defendant claims was false, and because the officer could not see him riding in the street. Defendant admitted that his bicycle did not have a light. Defendant further testified that he did not discard a piece of paper; rather, as he was finding his identification, the officer grabbed the piece of paper out of his hand. Defendant admitted that he had crack cocaine and that he knew it was crack cocaine.
DISCUSSION
On appeal, defendant argues that the trial court erred by denying his motion to suppress evidence, because the offense for which he was stopped was so minor, obscure and essentially unenforced that it must be presumed that it served only as a pretext utilized by the arresting officer to justify an intrusion into defendant's right to be free from governmental intrusion. Defendant further contends that the officer's actions in stopping him amounted to an intrusion into his right to privacy. As such, defendant is only challenging the legality of the initial stop.
The State responds that the LSA-R.S. 32:329 violation gave the officer the legal right to stop defendant and, therefore, the trial court did not err in failing to suppress the evidence encountered as a result of the legal stop. The State further provides that once the officer stopped defendant and defendant threw the cocaine to the ground, the officer was within his legal right to confiscate the cocaine and to arrest defendant.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Boss, 04-457 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 585. If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial. Id. Warrantless searches and seizures are unreasonable per se unless justified by one of the exceptions to the warrant requirement. State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330, 335-336. The State bears the burden of proving the admissibility of evidence that is seized without a warrant. LSA-C.Cr.P. art. 703(D); State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 574. A trial court is afforded great discretion when ruling on a motion to suppress, *766 and its ruling will not be disturbed absent an abuse of that discretion. Id.
The right of law enforcement officers to stop and interrogate those reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1 and by state and federal jurisprudence. State v. Burciaga, 05-357 (La.App. 5 Cir. 2/27/06), 924 So.2d 1125, 1129 (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984)). According to LSA-C.Cr.P. art. 215.1(A), "[a] law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions."
Traffic violations serve as valid bases for investigatory stops. State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879, 881. Moreover, the Louisiana Supreme Court has held that a traffic law violation is a reasonable basis for an officer to stop a bicyclist. State v. Flowers, 04-190 (La. App. 5 Cir. 7/27/04), 880 So.2d 887, 889; State v. Washington, 00-1936 (La.12/15/00), 775 So.2d 1066.
Defendant argues that the offense for which he was stopped was so minor and essentially unenforced that it must be presumed that it served only as a pretext. However, both the federal and state supreme courts have held that officers may make an initial traffic stop after observing a traffic infraction, even if the stop is a pretext to investigate for controlled dangerous substances. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Kalie, supra. Generally, the decision to stop a vehicle is reasonable where the police have probable cause to believe that a traffic violation has occurred. State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053, 1056. The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer. Id. See also State v. Sherman, 05-0779 (La.4/4/06), 931 So.2d 286, 297, in which the Louisiana Supreme Court held:
Where the police have probable cause to effect a lawful custodial arrest, and conduct a search of that person incident to arrest, the fruits of that search may not be suppressed merely because the police did not intend to arrest the suspect for the offense for which probable cause existed.
In the instant case, the evidence adduced at the suppression hearing showed that the officer had reasonable grounds to stop defendant on his bicycle after observing a traffic violation. At nighttime, defendant was riding a bicycle which was not properly equipped with a headlamp, in violation of LSA-R.S. 32:329(A) which provides the following:
Every bicycle when in use at nighttime shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least five hundred feet to the front and with a red reflector on the rear and a reflector on each side facing outward at a right angle to the bicycle frame, all of a type approved by the department which shall be visible from all distances within six hundred feet to one hundred feet to the rear when directly in front of lawful lower beams of headlamps on a motor vehicle. A lamp emitting a red light visible from a distance of five hundred feet to the rear may be used in addition to the red reflector.
In State v. Flowers, supra at 888-889, while on patrol, the officers observed the defendant riding a bicycle in the middle of the road and swerving erratically in front *767 of their unmarked police vehicle, posing a potential impediment to the flow of automobile traffic. After stopping the defendant, one officer saw the defendant drop something on the ground. The object, a plastic bag containing rocks which tested positive for cocaine, was retrieved by the officer. Thereafter, the defendant was arrested and issued a traffic ticket. The defendant argued that the crack cocaine seized by the officers was suppressible as the fruit of an illegal stop and asserted that the officers did not have probable cause to believe he had violated a statute or ordinance. The defendant did not challenge the validity of the seizure itself, but only the legality of the initial stop.
At the suppression hearing in Flowers, both officers testified that their purpose in stopping the defendant was to give him a citation for not riding the bicycle on the right side of the roadway. This Court provided that a combination of circumstances in this case clearly provided the officers with reasonable grounds to stop the defendant, considering the following:
It was late at night, the street was dark, and the area was known as a high crime zone. Defendant was swerving back and forth in the middle of the roadway, causing the officers to believe that he may be intoxicated. Also, defendant's bike had no markings to enable other motorists to see it at night, and defendant apparently did not have either hand on the handlebars. Given these circumstances, we find that the trial judge did not err in denying defendant's motion to suppress.
Id. at 889-890.
Considering the evidence before us and the applicable statutes and jurisprudence, we find that Officer Galiano was justified in stopping defendant after observing defendant commit a traffic violation when riding his bicycle at nighttime without a headlamp. As such, the trial court did not abuse its discretion in denying defendant's motion to suppress.
ERRORS PATENT
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). One error requiring corrective action was noted.
As the State noted in its brief, the trial court failed to properly inform defendant of the time period to file an application for post-conviction relief. Although the commitment reflects that defendant was properly advised of the prescriptive period for filing an application for post-conviction relief, the transcript does not show that he was properly advised. The trial court advised defendant that he had "two years from the date to see [sic] post-conviction relief." Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). It is also noted that on defendant's executed waiver of rights form, defendant was advised that he had two years "from the date this conviction is final to seek post-conviction relief." This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598.
Thus, we remand the case and order the trial court to advise defendant by written notice within 10 days of the rendition of the opinion that he has two years from the date his conviction and sentence become final to file an application for post-conviction relief, and then to file written proof in the record that defendant received the notice. See State v. Williams, 05-59 (La.App. 5 Cir. 5/31/05), 904 So.2d 830, 835.
*768 DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence. We remand the matter and order the trial court to inform defendant of the proper prescriptive period for filing post-conviction relief, pursuant to LSA-C.Cr.P. art. 930.8, by sending written notice of such to defendant within ten days of the rendition of this opinion.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).