982 So.2d 826 (2008)
STATE of Louisiana
v.
Scott BELLOW.
No. 07-KA-824.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*827 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, Roger Jordan, Trial Counsel, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
C. Gary Wainwright, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Defendant, Scott Bellow, appeals from his conviction for possession of methamphetamine and his sentence to two years imprisonment at hard labor. For the reasons which follow, we affirm.
Defendant was charged in a bill of information on January 13, 2005, with possession of methamphetamine in violation of La. R.S. 40:967(C). He pled not guilty and filed a motion to suppress the evidence on the basis of an invalid search and seizure.
At the hearing on the motion to suppress, Officer Chad Peterson, of the Kenner Police Department, was the only witness to testify. He testified that on December 2, 2004, he was participating in an undercover investigation at Dago's Cantina, a bar on 21st Street in Kenner. *828 At approximately 11:00 p.m., in response to information from an anonymous source that a man was selling methamphetamine at the bar, two undercover agents entered the bar to observe. They saw the Defendant going out to his automobile numerous times and then entering the bathroom with different people, behavior that led the agents to believe he was involved in narcotic activity. Officer Peterson, who was circling the area in an unmarked vehicle, was advised of the situation.
Defendant subsequently left Dago's in a vehicle and Officer Peterson located him on Williams Blvd. Officer Peterson followed behind Defendant and observed he was not wearing a seatbelt, he changed lanes twice without signaling, and his license plate was not illuminated. Officer Peterson activated his lights and sirens and initiated a traffic stop. When he approached the driver's side, Officer Peterson saw Defendant place a drink in the cup holder and detected a minor alcohol odor. Defendant exited the vehicle, at which time Officer Peterson advised him of his rights and asked him if he had an alcoholic beverage in his car. Defendant responded by admitting the beverage contained alcohol.
According to Officer Peterson, Defendant was nervous, fidgety, and picked at sores on his face. Officer Peterson explained that the sores were indicative of amphetamine use, as was the nervous, fidgety behavior. Officer Peterson testified that he conducted a pat-down search because Defendant was under arrest for having an open container containing alcohol in his automobile, and because of his unusual nervousness. He had Defendant turn and place his hands on the trunk of the automobile. When he did so, Officer Peterson observed a small, clear, plastic bag sticking out of Defendant's back pocket. Officer Peterson stated that small bags of this type are commonly used to transport illegal narcotics. Officer Peterson removed the bag, which was adjacent to two additional bags. He placed the three bags on the trunk of the automobile. He continued his search and felt a bulge in the right front pocket of Defendant's pants. When Officer Peterson touched the bulge, Defendant turned and tried to flee, but ran into Officer Peterson's partner. Defendant was handcuffed and detained. Officer Peterson then removed a clear plastic bag containing white crystals from Defendant's pocket. The substance tested positive for methamphetamine.
Following the testimony and argument by counsel, the trial court denied the motion to suppress. Defendant filed a writ application with this Court challenging the trial court's denial of his motion to suppress. The writ application was denied on the basis that Defendant had an adequate remedy on appeal. State v. Bellow, 06-169 (La.App. 5 Cir. 3/10/06). Thereafter, Defendant withdrew his not guilty plea and entered a guilty plea under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court's denial of his motion to suppress the evidence.[1] Pursuant to a plea agreement, he was sentenced to two years at hard labor. It is from this conviction and sentence that Defendant appeals.
On appeal, Defendant assigns only one error. He argues that the trial court erred in denying his motion to suppress the evidence. He contends his arrest for *829 possessing an open container of alcohol in a vehicle, in violation of La. R.S. 32:300, was unlawful because the statute prohibits an arrest for its violation. Thus, Defendant argues there was no justification for his arrest and, therefore, any search incident to the illegal arrest was also illegal. Defendant further contends that he could not be arrested for the minor traffic violations because there were no circumstances that required immediate arrest under La. C.Cr.P. art. 213 and State v. Harris, 05-741 (La.App. 5 Cir. 8/26/05), 916 So.2d 284. He asserts that a temporary detention of a person for the purpose of issuing a traffic summons does not justify a full search of the person.
The State responds that once Defendant was properly stopped for traffic violations, the police had the authority to frisk him for their safety at which time they discovered the drugs. This gave the officers probable cause to arrest Defendant. The State alternatively contends the police had the authority to arrest Defendant for the traffic violations alone. The State maintains that because the police could have arrested Defendant for the traffic violations, the fact that they improperly arrested him for an open container violation is inconsequential.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. State v. Leonard, 06-361, p. 4 (La.App. 5 Cir. 10/31/06), 945 So.2d 764, 765. Warrantless searches and seizures are per se unreasonable unless justified by one of the exceptions to the warrant requirement. Id.
In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. La. C.Cr.P. art. 703(D). The trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless a preponderance of the evidence clearly favors suppression. Leonard, 06-361 at 4, 945 So.2d at 765.
The right of law enforcement officers to stop and interrogate those reasonably suspected of engaging in criminal activity is recognized by La.C.Cr.P. art. 215.1, as well as by State and federal jurisprudence. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic violation has occurred. State v. Waters, 00-0356, p. 4 (La.3/12/01), 780 So.2d 1053, 1056 (per curiam), citing Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer. Id.
In the present case, Officer Peterson testified that he stopped Defendant because he saw that Defendant was not wearing a seatbelt, he failed to signal a lane change, and his license plate was not illuminated, violations of La. R.S. 32:295.1, 32:104, and 32:304, respectively. Officer Peterson had probable cause to stop Defendant for the traffic violations.
The next inquiry is whether the search of Defendant was valid. La. R.S. 32:300(C) specifically provides that a person violating the open alcohol container law "shall not be taken into custody by the arresting officer." However, "[w]here the police have probable cause to effect a lawful *830 custodial arrest, and conduct a search of that person incident to arrest, the fruits of that search may not be suppressed merely because the police did not intend to arrest the suspect for the offense for which probable cause existed." State v. Sherman, 05-0779, pp. 17-18 (La.4/4/06), 931 So.2d 286, 297.
In Sherman, the defendant was observed standing in the middle of the road, talking on his cell phone, next to his motorcycle, which was allegedly parked partially on the shoulder and partially on the roadway. The officers approached defendant, asked what he was doing, and asked if he had a driver's license. The defendant explained he had run out of gas and stated he did not have a license. The officers searched the defendant and removed a bag containing cocaine from his pocket. The defendant was arrested and charged with possession with intent to distribute.
The state argued the police had probable cause to arrest the defendant for the offense of driving without a license and held that the warrantless search of the defendant fell within the exception for a search incident to arrest, even though the defendant was not arrested for the offense for which probable cause existed. The Louisiana Supreme Court stated that in order for the exception to the warrant requirement to apply, there only need be a finding that an arrest could have occurred. Id. at 13, 931 So.2d at 295. (Emphasis in original.) The Court concluded that although the defendant could not have been arrested for driving without a license as per La. R.S. 32:411.1(C) and La.C.Cr.P. art. 211.4,[2] the search was valid because there was probable cause for the officers to arrest the defendant for driving without having been issued a license, in violation of La. R.S. 32:402. Sherman, 05-0779 at 16-17, 931 So.2d at 296-97.
Thus, in following Sherman, the question becomes whether the police had probable cause to arrest and conduct a search incident to arrest even though the officer did not intend to arrest the Defendant for the offense for which probable cause exists. As stated above, Defendant was stopped for three traffic violations. Officer Peterson saw the Defendant commit these violations and thus had probable cause to stop him. After a traffic stop, an officer may conduct a protective frisk of the person if he reasonably suspects he is in danger. La.C.Cr.P. art. 215.1(B); State v. Cowart, 03-880, pp. 6-7 (La.App. 5 Cir. 11/25/03), 862 So.2d 225, 231. It is well known that drug activity creates a dangerous environment and that there is a close association between narcotics and weapons. State v. Haywood, 00-1584, p. 11 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 567; State v. Fortier, 99-0244, p. 9 (La. App. 4 Cir. 1/26/00), 756 So.2d 455, 461, writ denied, 00-0631 (La.9/22/00), 768 So.2d 1285. The facts of this case clearly warranted Officer Peterson's reasonable suspicion that the Defendant was involved with narcotics and could be dangerous.
During the frisk, Defendant attempted to flee.[3] Defendant ran into Officer Peterson's *831 partner, who physically detained him while Officer Peterson handcuffed the Defendant.
La. R.S. 14:108, defining resisting an officer, provides in pertinent part:
Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity. (Emphasis added.)
Officer Peterson had probable cause to arrest the Defendant, under La. R.S. 14:108, for resisting an officer.[4] Thereafter, Officer Peterson continued his search incident to an arrest, and discovered the contraband. Based on the foregoing, and in accord with State v. Sherman, 05-0779 (La.4/4/06), 931 So.2d 286, we find that the warrantless search of Defendant and seizure of the narcotics, incident to a lawful arrest of Defendant for resisting an officer, was legal. There was no error in the trial court ruling denying the motion to suppress.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We find no error requiring corrective action.
Accordingly, for the reasons stated above, we find no error in the trial court ruling denying the Defendant's motion to suppress and affirm his conviction for possession of methamphetamine and his sentence to two years imprisonment at hard labor.
AFFIRMED.
NOTES
[1] Defendant also pled guilty to two misdemeanors: resisting arrest and possession of an open container in a vehicle. He received six-month sentences on each of the misdemeanor charges, which were ordered to run concurrently with the two-year sentence for his felony conviction.
[2] The defendant had a driver's license but did not have it in his possession. Nevertheless, the Court concluded that his response to the officer's question, that he did not have a license, was sufficient to give the officer probable cause to believe he had not been issued a license.
[3] It could be argued that at this point Officer Peterson had probable cause to arrest Defendant for drug possession, considering the anonymous tip, the confirmative behavior witnessed by the undercover police officers at the barroom, the sores, picking, nervous fidgety behavior, the three baggies from his rear pants pocket, and the attempt to flee when Officer Peterson touched the bulge in his right, front, pants pocket. However, in light of our conclusion below, we do not have to decide this issue.
[4] The arrest report shows Defendant was charged with resisting an officer upon his arrest. See State v. Cowart, 03-880, pp. 6-7 (La.App. 5 Cir. 11/25/03), 862 So.2d 225, 230-32. In Cowart, the defendant was stopped for an expired inspection sticker. The defendant was unable to produce a driver's license and was behaving suspiciously at which time the officer attempted to conduct a pat down search for his safety. The defendant refused to cooperate and in the process pushed and knocked down the officer. Backup assistance arrived and the defendant was found to be clenching a pipe. The defendant was arrested for battery upon a police officer and a search incidental to the arrest revealed hydrocodone pills in his wallet.

This Court found the initial traffic stop was valid and the pat-down search was justified. This Court further found that even if the pat-down search was unlawful, suppression of the evidence was not warranted because the defendant resisted, which led to his arrest for battery upon a police officer.