FREDERICKS. HOMBERG WICKER, Judge.
|2Lance Bush, defendant/appellant, appeals his guilty plea convictions and sentences. Mr. Bush pleaded guilty to armed robbery[1] and second degree kidnapping (as amended) and was sentenced in accordance with a plea agreement. His appellate counsel has filed a motion to withdraw together with an Anders and Jyles brief in support of the motion,[2] stating that no non-frivolous issues exist which arguably support an appeal. After an independent review of the record, we agree that no non-frivolous issues exist. Therefore, we grant the motion to withdraw. We affirm Mr. Bush’s convictions and sentences and remand to the district court for correction of the commitment.
Facts and Procedural History
Mr. Bush, along with the codefendant Bryant J. Hulitt, was indicted by a Jefferson Parish Grand Jury with one count of armed robbery in violation of |?,La.R.S. 14:64 and one count of aggravated kidnapping in violation of La.R.S. 14:44. This appeal only concerns Mr. Bush. Before entering guilty pleas, trial counsel and Mr. Bush (in a pro se capacity) filed several pretrial motions. Defense counsel’s motions were continued to be reset and never heard. The trial court, however, denied Mr. Bush’s motion to quash in which he sought release from custody without bail. The court noted that Mr. Bush was represented by counsel. Later, pursuant to a plea agreement, Mr. Bush was sentenced to negotiated and stipulated sentences. In conformity with the plea agreement he received 15-year concurrent sentences at hard labor for each of two counts as charged or amended in the indictment. On the date of the pleas, the state had amended the second count from aggravated kidnapping to the lesser responsive charge, second degree kidnapping, La.R.S. 14:44.1, as to Mr. Bush only. La.C.Cr.P. art. 814(A)(18) (responsive verdicts). The sentence on the first count, armed robbery, was ordered (as agreed) to be served without benefit of parole, probation, or suspension of sentence. The first two years of the second degree kidnapping sentence was ordered (as agreed) to be served without benefit of parole, probation, or suspension of sentence. Mr. Bush testified that he understood that based on his plea agreement to testify truthfully (and consistently with his prior police statements) in Bryant J. Hulitt’s (his codefen-dant’s) trial, his failure to comply with that agreement meant that the state had a right to ask that the sentences be vacated and that the matter be set for further proceedings, including the trial on the merits of the case.
During the plea colloquy, Mr. Bush admitted that on December 20, 2006 he robbed Keith Blackstock while armed with a dangerous weapon, a firearm. And, on the same date he committed a second degree kidnapping of Keith Blackstock by removing Mr. Blackstock from one location and taking him to another location |4while armed with a dangerous weapon. He further admitted that he demanded that money be produced after taking Mr. Black-stock from one location to another.
At the plea hearing, defense counsel provided the court with a contemporane *442 ously-executed waiver of constitutional rights form.
Thereafter, Mr. Bush sought and was granted production of the plea and sentencing transcript. At the time, Mr. Bush stated his pleas were constitutionally infirm and he intended to seek post-conviction relief. Next, this appeal followed the granting of Mr. Bush’s application for post-conviction relief seeking an out-of-time appeal. The trial court appointed the Louisiana Appellate Project to represent Mr. Bush.
Anders Brief Analysis
Appellate counsel has filed a Jyles brief, seeking to withdraw because there are no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241(per curiam); and State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir.1990). When appointed counsel has filed such a brief, Anders requires that counsel move to withdraw. Benjamin, 573 So.2d at 531.
The brief outlines the procedural history and the Boykin[3] compliant plea colloquy leading to Mr. Bush’s convictions. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra, citing State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam). Counsel further states that she notified Mr. Bush of the filing of the motion to withdraw and advised him of his right to file a pro se brief in this appeal, all in accordance with Anders, Jyles, and Benjamin, supra. This Court provided Mr. | sBush with the record, as he requested, and Mr. Bush has had an ample opportunity to file a brief, but has not done so.[4]
When an Anders brief is filed, the appellate court must conduct an independent review of the record. State v. Haynes, 09-109, p. 15-16 (La.App. 5 Cir. 2/9/10), 34 So.3d 325, 335, writ denied, 10-0493 (La.9/24/10), 45 So.3d 1073. After a full examination of all the proceedings, the appellate court proceeds to determine whether the case is wholly frivolous. Anders, supra, 87 S.Ct. at 1400. If it so finds, it may grant counsel’s motion to withdraw. Id. The motion will not be acted upon, however, until the appellate court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his own behalf. Benjamin, supra at 531.
In this case, we find that appellate counsel has complied with the requirements set forth in Anders. Appellate counsel found that nothing in the plea colloquy suggested the plea was not knowingly and intelligently made. On the contrary, she found that the trial court adequately advised Mr. Bush of the Boykin[5] triad of constitutional rights (his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination), the constitutional rights he was relinquishing, the sentencing ranges, and the sentences he would receive. Further, counsel noted that Mr. Bush did not reserve his right to have the trial court’s pretrial ruling re *443 viewed on appeal. Also, counsel stated that Mr. Bush is now restricted by La. C.Cr.P. art. 881.2(A)(2) from appealing his sentences.
We will proceed with an independent review of the record. This review in the present non-jury case consists of:
|fil) a review of the bill of information or indictment to insure the defendant was properly charged; 2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, and a review of the sentences to ensure their legality; 3) a review of all pleadings in the record; and, 4) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.
Benjamin, supra at 531.
Our review of the record supports appellate counsel’s assertion that no non-frivolous issues arguably support an appeal.
A review of the record reveals that the indictment properly charged Mr. Bush. Mr. Bush was present and represented by counsel at all crucial stages of the proceedings. Further, Mr. Bush entered a free and voluntary guilty plea after properly being advised of his rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
A plea, however, cannot be considered voluntary without notice of the essential nature of the charge or charges. See: State ex rel Halvorsen v. Blackburn, 388 So.2d 806, 807 (La.1980) quoting Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257-2258, 49 L.Ed.2d 108 (1976). Although twice during the plea colloquy the judge misspoke and referred to the second degree kidnapping charge as second degree battery, the entire colloquy and the contemporaneous waiver form indicate that Mr. Bush was aware that he was pleading guilty to second degree kidnapping. At the outset, Mr. Bush’s informed the court that Mr. Bush would withdraw his former pleas of not guilty and enter pleas of guilty to one count of armed robbery and guilty to the amended charge of second degree kidnapping. Next, the trial judge advised Mr. Bush that his attorney indicated he wished to plead guilty to armed robbery and second degree kidnapping. The trial judge explained to Mr. Bush the offenses with which he was charged, the sentencing range for armed robbery and statutory restrictions, the mandatory 17minimum sentence for second degree kidnapping and the statutory restrictions, and the sentences he would receive pursuant to the agreement. The trial judge asked Mr. Bush if he had discussed these charges with his attorney and understood the nature of the charges against him as well as the possible penalties. Mr. Bush agreed that this was the case. Thus, we find that despite the trial judge’s inadvertent references to second degree battery, Mr. Bush was fully advised of the nature of the charge and therefore the trial judge did not err in accepting the guilty plea to second degree kidnapping as voluntarily and knowingly entered. As the transcript of Mr. Bush’s guilty plea colloquy clearly reflects, all constitutional requirements for accepting Mr. Bush’s guilty pleas were satisfied.
Moreover, it is well settled that entry of an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof either by appeal, or where appeal is unavailable, by supervisory review. State v. Moore, 420 So.2d 1099, 1100 (La.1982) citing State v. Crosby, 338 So.2d 584 (La.1976). Mr. Bush entered unqualified guilty pleas, thereby waiving any pre-plea non-jurisdictional defects, which would have included the ruling denying his mo *444 tion to quash. State v. Crosby, 338 So.2d 584 (La.1976). We find no jurisdictional defects in this case nor do we find non-frivolous issues as to the pretrial ruling to arguably support an appeal.
With regard to his sentences, Mr. Bush received legal sentences since they fall within the sentencing ranges prescribed by statute. La.R.S. 14:64(B) and La.R.S. 14:44.1(0). Further, Mr. Bush’s sentences were imposed pursuant to a plea agreement and he received sentences in conformity with the agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Thus, we find that an argument for excessive sentences on these convictions would be frivolous and futile.
Accordingly, we find there are no non-frivolous issues to raise on appeal. For the foregoing reasons, the convictions and sentences are affirmed. The motion to withdraw as counsel is granted.
Error Patent Discussion
Appellate counsel requests an error patent review. This Court, however, routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990) regardless of whether the defendant makes such a request.
Upon review, we find two errors patent requiring corrective action.
First, the minute entry/commitment must be corrected to reflect the proper offense to which Mr. Bush pleaded guilty to and for which he was sentenced. According to the transcript, Mr. Bush pleaded guilty and was sentenced to the amended charge of second degree kidnapping. However, the minute entry/commitment reflects that he pleaded guilty to and was sentenced to the original charge, aggravated kidnapping. When there is a conflict between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
We remand this matter for correction of the minute entry/commitment, and direct the district court to make the entry in the minute entry/commitment reflecting that Mr. Bush pleaded guilty and was sentenced to the amended charge of second degree kidnapping. We direct the clerk of court to transmit the original of the respective commitment/minute entry to the officer in charge of the institution to which Mr. Bush has been sentenced, La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam), and to the legal department, the Department of Public and Safety Corrections (DOC).
Second, we find inconsistent advice as to the prescriptive period for filing a post-conviction application.
The waiver of rights form contains an incomplete advisal, that Mr. Bush had “two (2) years to file post conviction relief,” rather than indicating when the time delay commenced to run.
During the colloquy, before imposing sentence, the trial judge properly advised Mr. Bush of the prescriptive period pursuant to La.C.Cr.P. art. 930.8(A). However, because the written advisal in this case was inconsistent with that given during the colloquy and potentially misleading, we advise Mr. Bush of the prescriptive period by means of our opinion. State v. Neely, 08-707, p. 9 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09), 21 So.3d 272:
*445 No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following [enumerated exceptions] apply[.]
La.C.Cr.P. art. 930.8(A).
Decree
Because the record reveals no non-frivolous issues and no ruling which arguably supports an appeal, Mr. Bush’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw is granted. The matter is remanded to the district court with instructions for correction of the minute entry/commitment.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS

. The firearm enhancement under La.R.S. 14:64.3 was presumably dropped as the charge did not appear on the waiver of rights form or during the plea colloquy with the trial judge.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. We mailed Mr. Bush a certified letter informing him that his appellate counsel filed a brief with this Court stating that no non-frivolous issues exist for this Court to review on appeal. We also informed him that he could file a supplemental brief on his own behalf. Thereafter, Mr. Bush requested the record. We granted him until May 2, 2011 to file a supplemental brief.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).