MARC E. JOHNSON, Judge.
I ¡¿Defendant, Enoch Kinard, appeals the trial court’s denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). For the reasons that follow, we affirm.
Defendant was initially charged in a bill of information on May 19, 2011 with illegal possession of a stolen firearm in violation of La. R.S. 14:69.1, to which he pled not guilty. The State subsequently amended the bill of information to charge defendant with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. He was re-arraigned on August 17, 2011, and again pled not guilty. Meanwhile, prior to the amendment of the bill of information, defendant filed a motion to suppress the evidence. The trial court denied the motion after a hearing on October 19, 2011. Thereafter, on February 14, 2012, the State again amended the bill of information and charged defendant with attempted possession of a firearm by a convicted felon in violation of La. R.S. 14:27 and 14:95.1. When defendant was re-arraigned on the amended charge, he pled guilty under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and State v. Crosby, supra. In accordance with a plea agreement, the trial court sentenced defendant to seven years with the Department of Corrections.
Defendant filed this appeal seeking review of the trial court’s denial of his motion to suppress. The record shows that defendant’s guilty plea was accepted pursuant to Crosby, which allows appellate review if, at the time the plea is entered, defendant expressly reserved his right to appeal a specific adverse ruling in the case. Here, defendant failed to specify which pre-trial ruling he desired to reserve for appeal.
A defendant’s failure to specify which pre-trial ruling he desires to reserve for appeal as part of a guilty plea entered pursuant to Crosby limits the scope of appellate review, but it does not preclude review altogether. State v. Joseph, 03-315 (La.5/16/03), 847 So.2d 1196 (per curiam). Absent specification, the appellate court should presume the Crosby reservation preserves review of those evidentiary rulings that “go to the heart of the prosecution’s case,” such as the denial of a motion to suppress, and not rulings that may affect the conduct of the trial but do not substantially relate to guilt. Id., 847 So.2d at 1196-97. Thus, we find the denial of defendant’s motion to suppress evidence is renewable on appeal.
Defendant argues the trial court erred in denying his motion to suppress the evidence because the firearm was illegally seized from his vehicle. He contends there was no reasonable suspicion for the stop and there was no probable cause to *978 arrest him. Thus, he contends the firearm should be suppressed as “fruit of the poisonous tree.”
At the suppression hearing, Deputy Keith Carroll, with the St. John Sheriffs Office Criminal Patrol, testified he was patrolling East Thirteenth Street in Reserve, which is the “Reserve Projects,” around midnight on March 21, 2011 |4when he observed a vehicle parked southbound in the northbound lane obstructing traffic. He explained the vehicle was parked in the middle of the small street in front of an empty parking lot.
Deputy Carroll, who was traveling northbound, stopped and exited his vehicle. He approached the parked vehicle and asked defendant to step out of the car. When defendant opened the door, a gun fell out of the vehicle. Deputy Carroll explained that the butt of the gun fell out of the car on the side of the seat, but the gun did not hit the ground. Deputy Carroll testified the area was not well lit and there was a lot of crime going on in the area. Upon seeing the gun, Deputy Carroll placed defendant in handcuffs and detained him in front of the vehicle. He then retrieved the gun and cleared it to make it safe. Deputy Carroll ran the serial number of the gun through the NCIC and learned the gun was stolen. Thereafter, he placed defendant under arrest.
Deputy Carroll was the sole witness at the suppression hearing. The trial court took the matter under advisement and subsequently denied the motion to suppress.
In a hearing on a motion to suppress evidence seized without a warrant, the State bears the burden of establishing the admissibility of evidence. La.C.Cr.P. art. 703(D). The trial court’s denial of a motion to suppress is afforded great weight and its ruling will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Morton, 08-164 (La.App. 5 Cir. 7/29/08), 993 So.2d 651, 655.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. State v. Leonard, 06-361 (La.App. 5 Cir. 10/31/06), 945 So.2d 764, 766. Warrant-less searches and seizures are per se unreasonable unless justified by one of the exceptions to the warrant requirement. Id.
The right of law enforcement officers to stop and interrogate those reasonably suspected of engaging in criminal activity is recognized by La.C.Cr.P. art. 215.1, as well as by state and federal jurisprudence. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Generally, the decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic violation has occurred. State v. Waters, 00-356, (La.3/12/01), 780 So.2d 1053, 1056, citing Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer. Id. “When an officer observes what he objectively believes is a traffic offense, the decision to stop the vehicle is reasonable, regardless of the officer’s subjective motivation.” State v. Hunt, 09-1589 (La.12/1/09), 25 So.3d 746, 753.
In this case, the deputy observed defendant’s vehicle parked in the middle of *979 the street and explained that he would have had to go around the vehicle to continue driving on that street. He testified he stopped to investigate because the vehicle was obstructing traffic. Obstructing traffic is prohibited under La. R.S. 14:100.1;[1] thus, Deputy Carroll had probable cause to believe defendant had | (¡committed a traffic violation, which justified the investigatory stop. The fact the deputy did not issue a traffic citation is irrelevant to the constitutionality of the stop. State v. Martin, 11-160 (La.App. 5 Cir. 12/28/11), 83 So.3d 230, 238.[2]
Once an officer has lawfully stopped a vehicle for a traffic violation, he is authorized to order the driver out of the vehicle pending completion of the stop. State v. Smith, 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 825, unit denied, 08-927 (La.11/14/08), 996 So.2d 1088. Thus, Deputy Carroll had the authority to order defendant to exit the vehicle.
When defendant exited his vehicle, the deputy observed a gun fall on the side of the seat. Upon seeing the gun, Deputy Carroll handcuffed defendant and placed him at the front of the car.
A police officer is not required to take unnecessary risks in performing his duties; rather, he is authorized to take such steps as are reasonably necessary to protect his safety and to maintain the status quo during the course of a Terry stop. State v. Morton, 993 So.2d at 657. Handcuffing a person does not exceed the scope of an investigatory stop if it is objectively reasonable under the circumstances confronting the police. State v. Thompson, 11-915 (La.5/8/12), 93 So.3d 553, 570. In order to prove that an investigatory detention involving the use of handcuffs did not exceed the limits of a Terry stop, the State must “point to some specific fact or circumstance that could have supported a reasonable belief that the use of restraints was necessary to carry out the legitimate purpose of the stop without exposing law enforcement officers, the public, or the suspect himself |7to an undue risk of harm.” Id., quoting United States v. Acosta-Colon, 157 F.3d 9, 18-19 (1st Cir.1998).
This stop occurred around midnight in a dimly lit area with known crime. Deputy Carroll, who was alone, handcuffed defendant so he could retrieve the gun, which was within defendant’s immediate reach, and make it safe. The United States Supreme Court has recognized that many police officers have been shot as a consequence of traffic stops. Pennsylvania v. Mimms, 434 U.S. 106, 110, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977). Considering the circumstances, we find Deputy Carroll was justified in handcuffing defendant as a safety precaution, and that those *980 actions did not rise to the level of an arrest for which probable cause was required.
After handcuffing defendant, Deputy Carroll retrieved the gun from the car. In the course of an investigatory stop, “[i]f the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.” La. C.Cr.P. art. 14:215.1(C). Thus, Deputy Carroll was entitled to take temporary custody of the weapon for his own safety. See State v. White, 08-1002 (La.1/21/09), 1 So.3d 439, 443, where the Louisiana Supreme Court found that a police officer was entitled to take possession of a handgun found on the defendant’s lap during a traffic stop for the protection of the officer and her partner.
Under La. C.Cr.P. art. 14:215.1(C), Deputy Carroll could only return the weapon to defendant if it was lawfully possessed. Upon further investigation, which involved a computer check, Deputy Carroll determined the gun was stolen. At that point, Deputy Carroll had probable cause to arrest defendant for illegal possession of a stolen firearm.
| ^Accordingly, we find Deputy Carroll had reasonable suspicion to conduct an investigatory stop based on a traffic violation and had authority to order defendant to exit the car. His subsequent action of handcuffing defendant after seeing a gun fall from the car was reasonable and did not rise to the level of an arrest. He then had authority under La. C.Cr.P. art. 14:215.1 (C) to retrieve the gun from the car. Upon taking temporary custody of the gun, Deputy Carroll had a duty to determine whether defendant lawfully possessed the gun before returning it to him. Once Deputy Carroll determined during the confines of the traffic stop that the gun was stolen, he had probable cause to arrest defendant. For these reasons, we find no error in the trial court’s denial of defendant’s motion to suppress the evidence.
In accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), we have reviewed the record for errors patent.
We first note that defendant received an illegally lenient sentence in that he did not receive the mandatory fine of between $500 and $2,000 as required by La. R.S. 14:95.1(B). While we have the authority to correct an illegal sentence, our authority is permissive rather than mandatory. La.C.Cr.P. art. 882. When a defendant is sentenced pursuant to a guilty plea, this Court has declined to correct an illegally lenient sentence, recognizing that the appellate court should refrain from employing errors patent review to set aside guilty pleas about which the defendant makes no complaint and that resulted in the disposition of the case favorable to the defendant. State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242. Additionally, we note defendant is indigent, since he is represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony case. Since defendant’s sentence resulted from a guilty plea and he is indigent, we decline to exercise our ^authority to correct the illegally lenient sentence. See State v. Ford, 11-91 (La.App. 5 Cir. 12/13/11), 81 So.3d 841, 847, writ denied, 12-64 (La.4/20/12), 85 So.3d 1269.
Next, we find the record is somewhat confusing as to the advisal given to defendant regarding the prescriptive period for filing an application for post-conviction relief. The waiver of rights form and the February 14, 2012 plea colloquy transcript reflect defendant was properly ad *981 vised of the two-year prescriptive period under La. C.Cr.P. art. 930.8. However, the February 14, 2012 minute entry, the sentencing transcript, and the commitment reflect an incomplete advisal of the prescriptive period. Because of the inconsistency and potentially misleading advice given to defendant regarding the prescriptive period, we are advising defendant, by means of this opinion, that under La. C.Cr.P. art. 930.8(A), no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. art. 914 or 922, unless any of the enumerated exceptions apply. See State v. Bush, 11-257 (La.App. 5 Cir. 10/25/11), 77 So.3d 439, 444-445.

DECREE

We And no error in the trial court’s denial of defendant’s motion to suppress the evidence. Accordingly, defendant’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED

. La R.S. 14:100.1, which address the obstruction of public passages, provides in pertinent part:
No person shall wilfully [sic] obstruct the free, convenient and normal use of any public sidewalk, street, highway, bridge, alley, road, or other passageway, or the entrance, corridor or passage of any public building, structure, water craft or ferry, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.
Whoever violates the provisions of this Section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both fined and imprisoned.

. See also State v. Barnard, 37,032 (La.App. 2 Cir. 5/14/03), 847 So.2d 99, where the court found the officer was justified in conducting an investigatory stop where the defendant had stopped his vehicle in the middle of his lane of traffic. The court noted that the officer had probable cause to believe the defendant had committed a traffic violation despite the fact the officer did not intend to issue a citation.